## CLARKE v. BANCROFT, BEAVER & Co. *et al.*

1. CONSTRUCTION OF MORTGAGE. The grantee of real estate, delivered to the grantor certain promissory notes executed by third parties, in part payment of the purchase money therefor, and agreed to deliver notes to pay the balance within two months, and executed a mortgage of the property conveyed, to the grantor, conditioned that if said purchase money, and interest at ten per cent, be paid by the payment of said notes at their face, and ten per cent interest after their transfer to said grantor, the obligation should be void, &c. *Held,* That the mortgage was a security for any balance of purchase money remaining unpaid after the *proceeds* arising from

Clarke v. Bancroft, Beaver & Co.

the collection of the notes transferred to the grantor had been applied thereon.

2. WHEN SETTLEMENT AND DECREE ARE CONCLUSIVE. A settlement between a mortgagor and mortgagee, and a decree thereon finding and establishing the sum due from one to the other, are conclusive, unless it is made to appear that such settlement and decree were obtained by fraud.

3. SWORN PLEADING. An answer under oath to a cross-bill demanding a sworn answer, so far as it is responsive, is equivalent to the evidence of a disinterested witness.

4. PLEADING: CROSS-BILL. Where a mortgagee is made a party defendant in a foreclosure proceeding, and by his cross-bill alleges that his mortgage lien is prior to that of complainants, the complaint may join issue thereon by proper allegations in the replication or answer to the cross-bill, notwithstanding he has made no allegations of priority of bills in the petition: and under an issue thus joined the complainant may introduce evidence to show that his mortgage was admitted to record prior to respondents'.

5. MARSHALING SECURITIES. While a court of equity will compel a creditor who has recourse to two funds for the satisfaction of his demand to exhaust that upon which he alone has a lien before resorting to the fund upon which another creditor has recourse; but it will not be done to the prejudice of the rights of either creditor.

6. SAME: NOTICE. The creditor having a lien upon but one fund to secure the payment of his demand should notify creditors having liens upon the same and other funds, before they have relinquished their control over such funds, that they will be required to exhaust them first.

*Appeal from Henry District Court.*

TUESDAY, JUNE 10.

THE facts are stated in the opinion of the court.

*David Rorer* for the appellant, contended that though complainant's mortgage was executed before the one under which respondents claim, yet it is not entitled to priority, for it is not alleged in the petition, or any where proved, to have been on record, or within the knowledge of the respondents, or those under whom they claim. The complainant avers, in his replication, that it was recorded but does not state when. The complainant cannot make a case

on his replication. He must recover *allegata et probata* on the statements of his bill. *Piatt* v. *Vattier et al.,* 9 Pet., 405; 3 Greenl. Ev., 355; *Langdon et al., Executors of Sewal,* v. *Goddard et al.,* 2 Story C. C. R., 267; *Lingaw* v. *Henderson,* 1 Bland, 249, 255; *Sheppard* v. *Sheppard,* 6 Conn., 37; *Booth* v. *Booth,* 3 Litt., 57; *Bank of the United States* v. *Shutz,* 3 How., 62; *Anthony* v. *Lefturch,* 3 Rand., 263; *Jackson's Assignee* v. *Cartright,* 5 Mumf., 314. Complainant was a trustee as to the fund consisting of the notes. He could make no contract to divert these funds, nor could he administer them himself, but should have been compelled to bring them into court. *Piatt* v. *St. Clair's Heirs,* Wright's Ohio R., 261; *Wright* v. *Dougherty,* Martin & Y. (Tenn.), 309; *Gross* v. *Lester,* 1 Wis., 48; 1 Hill. Mort., 296, § 77; *King* v. *McVickar,* 3 Sand. Ch., 192; 1 Story Eq. Jur., §§ 558, 559; *The Bank of Muskingum* v. *Carpenter's Administrators,* Wright's Ohio Reports, 729. Equity will subrogate respondents to complainant's rights in the land, after exhausting the notes, or will require complainant to resort first to the notes, and require the court to administer the fund. 1 Hill. Mort., 318, § 46; Id., 308, §§ 23, 24; *Everton* v. *Booth,* 19 John., 493; *King* v. *McVickar,* 3 Sandf. Ch., 192.

*R. L. B. Clarke, pro se,* submitted an elaborate argument upon the evidence.

BALDWIN, C. J.—This was a proceeding to foreclose a mortgage executed by Ray and wife.

The premises mortgaged were purchased by Ray of complainant, and the mortgage in suit given in security for a portion of the purchase money. After the land was sold by the complainant, Ray sold the same to one Coovert, receiving, in consideration therefor, the notes of Coovert, secured by a mortgage on said premises. Bancroft, Beaver

& Co. claim to have certain equities in said land, as the assignees of the Coovert notes and mortgage. Ray, when he purchased from the complainant, agreed to pay, in consideration therefor, the sum of $11,533. In part payment of this sum, Ray transferred to complainant certain promissory notes executed by divers persons to said Ray, drawing ten per cent interest, amounting, in the aggregate, to $7,063.99. For the balance of the purchase money, (excepting the sum of $1,000 receipted for at the time the deed was delivered,) Ray gave to the complainant his obligation, in which he promised to deliver to the complainant, within two months, other notes sufficient to pay the balance of the purchase money. The condition of the mortgage by Ray and wife is, "that if said purchase money, and interest at ten per cent, be paid by the payment of said notes at their face, and ten per cent interest after transferred to said Clarke, then this obligation to be void." The complainant alleges that he has used due diligence, since the said notes were transferred to him, in order to collect the same, that his efforts to collect were unavailing, as the makers of nearly all of said notes were insolvent. The complainant alleges that after making every proper effort to collect said notes, he returned the same to said Ray. That the complainant and Ray had a settlement, after the uncollected notes were returned, and that there was due to complainant the sum of $7,063.99, for which he now asks judgment, and a foreclosure of the mortgage given as security for the purchase money.

Bancroft, Beaver & Co. answered, and set up the sale from Ray to Coovert, the execution of the notes and mortgage from Coovert to Ray, and the assignment to defendants of said notes and mortgage, and claim that they took said notes before they had matured, and in ignorance of the complainant's lien. They also charge that complainant has received from said notes the full amount of the pur-

chase money, that he received notes that have been unaccounted for, that complainant and Ray have colluded together to defraud the respondents, by diverting a large part of notes from going as payment to the complainant, and thereby reinstating the mortgage as against the land.

The defendants, Ray and wife, and Coovert, failed to answer, and judgment and decree, as *pro confesso*, were entered up in favor of complainant for the amount claimed in the petition.

Respondents aver that this judgment and decree were obtained by fraud, and it is asked that they shall be set aside. The respondents further charge that the complainant was and is a trustee for Bancroft, Beaver & Co. for all amounts in his hands, more than sufficient to pay his debt, and they ask that the court should direct that complainant should first be required to apply the notes held as collateral, before proceeding against the land.

This answer is in the nature of a cross-bill, and in it certain interrogatories are propounded to Ray, with a request that he should make full answers thereto, under oath. The complainant is also called upon to answer, under oath, and to state fully the amount of the notes received, the amount collected thereon, &c. Ray and the complainant answer separately, stating the amount of the notes delivered under the contract, the amount collected, the settlement, the return of the unproductive notes, and each deny fully and unequivocally any attempt to defraud the respondents. Upon the issues thus made, and the evidence introduced, the court below dismissed the defendants' cross-bill, for want of equity.

It is first submitted that the notes assigned by Ray to the complainant were in payment of so much of the purchase money, that the mortgage was but a security for the fulfillment of the said Ray's agreement to deliver certain other notes in two months, &c. From a fair and reasonable construction of the language used, "that if said purchase

money and interest is paid by the payment of said notes," we can but conclude that it was the design of the parties that the mortgage should be a security for the whole amount of the unpaid purchase money, and that the notes were assigned for the purpose of having the complainant collect them, and apply the proceeds to the payment of the unpaid purchase money.

It is next claimed that the note fund was not carefully dealt with by the complainant, and that, under the evidence, the complainant was not entitled to the amount found to be due upon the settlement between him and Ray. We think, in the first place, the settlement between these parties, and the judgment of the court thereon, is conclusive as to the amount due on the mortgage, unless it is made to appear that the settlement and the judgment and decree against Ray were obtained through fraud. This the respondents, by their pleadings and evidence, seek to do, but in this we think they signally fail.

Under the ruling of this court in the case of *Shephard* v. *Ford*, 10 Iowa, 502, when a reply to a pleading is called for under oath, such pleading, when thus made, if responsive, shall be considered as evidence of equal weight with that of a disinterested witness. Each of the parties thus called upon to answer, state under oath, that the amount for which judgment was rendered was justly due to the complainant, and after a careful review of the voluminous record of evidence, we cannot find any evidence to overcome these answers.

It is true, as is claimed by counsel for appellant that the complainant fails to aver in his bill, that the mortgage of Ray and wife was made a matter of record prior to that of respondents, which it is now sought to subject to the prior lien of complainant. To this we answer, that upon the trial evidence was admitted without objection of respondents, to show that the Ray mortgage was first recorded, and

which fully establishes the fact that it was prior to that of Coovert to Ray.

We are also of the opinion that the complainant's averment in his replication, that his mortgage was recorded prior to that under which the respondents claim, is sufficient to justify the admission of evidence to support the same. The respondents seek to enforce the rule that the complainant cannot make a case or supply a defect by his replication, but that he must recover *allegata et probata* on the statement of his bill. We will concede that the authorities cited show this to be the general rule, but deny its application to this case.

When the complainant made the respondents parties for the purpose of foreclosing any equities they had in the mortgaged premises, they, by their cross-bill, undertake to establish the fact that their lien is paramount by its priority of record. A new issue is raised, the respondents assume the affirmative, and to defend against this position, it is strictly proper to plead, and prove under such plea, anything that will legitimately controvert this position of respondents.

It is assumed that the complainant was the trustee of respondents, and should be made to account for the trust fund under his control, or that the complainant had two securities for his purchase-money, and that respondents having a lien upon one of the securities, (the real estate,) it was but equitable that the complainant should be compelled to exhaust the note fund first.

We do not think, from the terms of the mortgage, that this note fund was placed in the hands of complainant as a security for the purchase-money. The mortgage was the security, and the notes were assigned for the purpose of enabling the plaintiff to collect them, and when collected, the proceeds to be applied in liquidation of the purchase money. We will concede the rule in equity to be that

where there exist two or more funds, and there are several claimants against them, and at law one of the parties may resort to either fund, but the other can come upon one only, that in such a case, a court of equity can exercise the authority to marshal the funds, and by this means enable the parties whose remedy at law is confined to one fund only, to receive due satisfaction. Courts of equity interfere in such cases, to prevent the power held by the party who controls the double fund from being made an instrument of caprice, injustice, or imposition. But, although this rule is so general, it is not to be understood without some qualification. It is never applied except where it can be done without injustice to the creditor.

The respondents fail to show that the complainant was notified at any time prior to the settlement with Ray, that they claimed that the note fund should first be exhausted. The complainant may have had notice of the subsequent mortgage, and that the respondents had a junior lien thereby, but, without any notice to the contrary, he had a right to presume that the lien created by the Ray mortgage was a sufficient security for the respondent's debt.

Affirmed.