## PORTER v. THE CITY OF DUBUQUE.

1. **Vendor and vendee:** LIEN. A vendor's lien is not based upon contract, nor is it properly an equitable mortgage, or a trust resulting from the vendee holding the estate with the purchase-money unpaid. It is an equity raised and administered by courts of chancery, without any fixed rules and upon the peculiar circumstances of each case.

—— As to the extent to which the doctrine obtains in this State, *query*.

2. **Evidence:** VARYING REPORT OF COMMITTEE. The creditor of a municipal corporation had an interview with a committee of the common council, in relation to the adjustment of his debt; and the committee made a report in writing to the council, of the terms upon which the debt could be discharged: *Held*, in an action on the debt, that the introduction of the report in evidence did not preclude the defendant from showing the conversation at said interview.

3. **Vendor and vendee:** RELEASE OF LIEN. When the vendor held the legal title and the vendee a bond for a deed, and he surrendered the express lien thus created upon the property, and accepted in payment of the debt, some money and the remainder in negotiable securities, reserving, however, the rights of his assignee of a portion of the debt, under the bond: *Held*, that the vendor would be entitled to a vendor's lien if the doctrine was enforced in this State in its broadest sense.

*Appeal from Dubuque District Court.*

WEDNESDAY, JUNE 13.

PETITION in equity for the enforcement of a vendor's lien. Cause tried by the second method. Facts found by the court as follows:

1. On the 14th of October, 1856, the city of Dubuque purchased of Ebenezer Miller, who was then the owner of

the same, in consideration of $10,000, the north two-fifths of lot No. 448 in the city of Dubuque; and paid thereon $2,000, and on the same day entered into a written contract with Ebenezer Miller and Deborah, his wife, for a deed of said premises, on the payment of the balance of $8,000, with interest, in two years, according to which the city took immediate possession.

2. Ebenezer Miller assigned this contract to Henry Miller, and Henry Miller, on the 28th of December, 1857, assigned the same to Daniel N. Lee.

3. Daniel N. Lee, on the 12th of May, 1858, assigned on the second contract, $1,406.25 to Waples & Walmsley; and on the 2d of June, 1858, assigned the further sum of $240 to M. M. Hayden, and on the 6th of November, 1858, made the following receipt on said contract:

"Received of the city of Dubuque, $7,000 in full, of my claim to the within bond, except the amount assigned as above to Waples & Walmsley and M. M. Hayden, the city assuming all liabilities connected with said assignments.

"(Signed)      D. N. LEE."

And on the same day conveyed the said premises which had been previously conveyed to him from Miller and wife, to the city of Dubuque, and gave up said contract to the city.

4. The consideration received by D. N. Lee, when he made said receipt and conveyance, and gave up the contract, was: Cash, $500; two Centre Island bonds for $1,000 each, at sixty cents on the dollar; and the balance in the bonds of the city, known as short bonds, for the sum of $500 each, part of which are the bonds sued on in this case. That at the time of said settlement, it was agreed between said D. N. Lee and the finance committee of the city council, to whom the matter was referred for settle-

ment by the council, that said Lee should release all claim on said bond, and the city should have a clear title to the property in consideration of such payment to him, and the said settlement was approved by the city council.

5. D. N. Lee afterwards sold and transferred the bonds now claimed on to the plaintiff, and the bonds have not been paid by the city, and are now past due.

On the above statement of facts the court finds as conclusions of law, that the plaintiff is entitled to judgment for the amount of the bonds and interest, but is not entitled to a vendor's lien. There was a motion by the plaintiff for new trial, which was overruled and judgment entered on the finding. Plaintiff appeals.

*H. A. Wiltse* and *B. W. Poor* for the appellant.

*John H. O'Niell* for the appellee.

COLE, J. — The right to a lien in favor of a vendor upon the real estate sold to a vendee is not based upon contract;

1. VENDOR AND VENDEE: lien.

nor is it properly an equitable mortgage; neither can it be regarded as a trust resulting to the vendor by reason of the vendee holding the estate with the purchase-money unpaid. It is a simple equity raised and administered by courts of chancery. It is not measured by any fixed rules, nor does it depend upon any particular fact or facts. Each case rests upon its own peculiar circumstances, and the vendor's lien is given or denied according to its rightfulness and equity, in the judgment of the court, upon the facts developed in the particular case. In view of this flexibility and uncertainty, Lord ELDON said, in *Mackreth* v. *Symmons*, 15 Ves., 329, that it would have been better at once to have held that the lien should exist in no case, or to have laid down the rule the other way so

distinctly that a purchaser might be able to know, without the judgment of a court, in what cases it would, and in what it would not, exist.

The doctrine of vendor's lien had its origin long prior to the system of registration and the constructive notice resulting therefrom. And it is said by the learned editors of Leading Cases in Equity (vol. 1, p. 375), that "there can be little doubt that this principle of an implied lien for purchase-money has no just application in a country where every debt may at once be made a lien by a judgment, and where debts generally are a lien on the lands of a decedent." And in view of the fact that some of our American States have adopted, while others have rejected, the doctrine, the same learned editors remark: "That the courts of those States which have wholly expelled the doctrine, have exhibited a more accurate appreciation of its nature and purpose than those which have retained it."

Whether the doctrine shall obtain in this State, has not been directly determined by an adjudication involving the question of vendor's lien, independent of the express lien resulting from the title bond or otherwise. The following cases are cited as containing some reference to the doctrine, and a recognition of it to a limited or certain extent. *Pierson* v. *David*, 1 Iowa, 23; *Crow, McCreary & Co.* v. *Vance*, 4 Id., 434; *Blair & Co.* v. *Marsh et al.*, 8 Id., 144; *Rakestraw* v. *Hamilton*, 14 Id., 147; *Baldwin* v. *Thompson*, 15 Id., 504; *Kephart* v. *Butcher*, 17 Id., 240. It may, therefore, be regarded as still, to a great extent at least, an open question; and it is one which we are not required to settle, in order to determine this case.

There is a question of evidence made in the transcript, which is preliminary to the decision of the main question 2. EVI- in the case. It is this: After the maturity of DENCE: varying re- the original indebtedness for the purchase of the port of committee. property, which had been assigned by Miller to

Lee, the latter notified the city council of its maturity and of his readiness to adjust it. The city council thereupon appointed a committee to wait upon Lee and adjust the matter with him. The committee discharged the duty and made a report in writing as to the terms, &c., upon which the indebtedness could be arranged, and this report was spread upon the records of the city council. On the trial in the District Court, after this report had been read in evidence, the defendant offered to prove by members of that committee, the statements of Lee, during their conference, , as to his conveying a clear title and releasing all liens upon the property. The plaintiff objected on the ground that it would contradict or vary the terms of the written evidence. The objection was sustained as to the matters detailed by all the witnesses, except one, as to which it was overruled, and the evidence given by him was considered. There was no error in admitting the evidence of the one witness; whether the excluding of the others was not error, is a question of much more doubt; but of that ruling the appellant does not complain. The report of the committee was not signed by, nor was it binding upon Lee. It is not that character of written instrument which brings it within the rule excluding parol evidence.

The special fact of this case may be succinctly stated thus: Miller sold the property to the city. The relation of vendor and vendee existed between them and them only. The bond for title, by two assignments, came to Lee; and to enable him to enforce payment, the legal title was also conveyed to him. The city thus holding the bond for title, and Lee holding the legal title and the obligation of the city to pay, their relation was that of mortgagor and mortgagee. Revision, § 3672. A part of the purchase-money and obligation, or mortgage debt, had been assigned by Lee to third parties.

3. VENDOR AND VENDEE: release of lien.

Lee while thus holding an express lien, having the nature and effect of a mortgage, for the purchase-money, agrees with the city, in the language of the witness Hinds, "to give a clear title, as he could realize more money by throwing the bonds offered him upon the market, than by pursuing any other course.     *     *     *     *     * He said he would accept the cash and bonds, and release all claims upon the property. He did not say he would release all claim upon the bond, but that he would release all claims upon the lots. We intended to get a clear title." * * In other words, he surrendered an express lien, and accepted in payment of the debt, part money and part negotiable securities, some at discount, and others at their face. But further than this, he expressly reserved by his receipt to the city on the bond for the amount paid him, the rights of his assignees of the portions assigned them to the same, as if his arrangement had not been made. The securities taken by Lee were in the nature of stocks, transferable by delivery, and were by him thrown upon the market and negotiated to the plaintiff.

Where it appears that a note or bond was *substituted* (and accepted as and) for the consideration money, the lien will be lost. *Mackreth* v. *Symmons, supra.* An agreement though by parol, to accept a security and rely upon it alone, will discharge the vendor's lien for unpaid purchase-money. 1 S. & S., 445. Where an express lien is reserved or taken for a part of the purchase-money, no vendor's lien will exist as to the balance. *Bond* v. *Kent,* 2 Vern., 281. Where a vendor has taken an express lien for the purchase-money and afterwards surrenders the same, no implied lien will. be recognized. So also the personal estate must be first exhausted. *Mackreth* v. *Symmons,* 1 Lead. C. in Eq., 336, *et seq.,* and English and American notes and authorities cited; Sugd. on Vend., 886.

Applying these rules to this case we have no difficulty

in determining that if the doctrine of vendor's lien obtained in this State in its broadest application (a matter we do not here decide), the case made by the plaintiff would not demand its enforcement.

Affirmed.