ALLEN v. LORING *et al.*

Vendor and vendee: LIEN OF VENDOR. A vendor's lien being a mere equity cannot affect the rights of an attaching creditor of the vendee having no notice of the lien.

*Appeal from Cass Circuit Court.*

THURSDAY, JULY 25.

THIS action was commenced on the 27th day of December, 1870, the plaintiff claiming $643.44 as balance due him from defendants on bank account, etc. The plaintiff obtained a writ of attachment, on the ground that the defendants had disposed of their property with intent to defraud their creditors. The writ of attachment was served on the same day, December 27, 1870, by levying on lot 4, block 50, in Atlantic, and other property. On the 4th day of March, 1871, Tuttle and Robertson filed their petition of intervention, claiming a prior right to the attached property, under a vendor's lien. A demurrer to this petition of these intervenors was sustained. The intervenors appeal.

*Goode & St. John* for the appellants.

*Withrow, Gatch & Wright* for the appellee.

COLE, J. — The intervenors in this case, who alone appeal, by their petition allege that they have a lien, prior and paramount to the lien of the plaintiff, on the property attached in the action. That their lien arises as follows: On September 22, 1870, one George Clemens owned the said real property, and on that day sold it to Loring & Bennett, the defendants, who paid part in cash therefor, and agreed to pay the balance in twelve months with eight per cent interest, and gave said Clemens the following

obligation therefor: "Banking House of Loring & Bennett, $900. (No. 598.) Atlantic Iowa, September 22, 1870. George W. Clemens, Esq., has deposited in this bank $900 (in current funds), payable to the order of himself herein, on the return of this certificate twelve months from date, and bearing interest at eight per cent per annum until due only — [duly stamped] Loring & Bennett, cashiers." That Clemens being indebted to intervenors, Tuttle & Robertson, on the 10th day of November, 1870, in the sum of $447.78, for lime and stone, made this indorsement on said obligation: "I assign the within certificate of deposit to Tuttle & Robertson, with the understanding that whatever I owe them, at this date, for lime and stone, is to be taken out of the within.

GEORGE W. CLEMENS.

The intervenors aver that thereby they have become the owners of said obligation for themselves, and the interest of Clemens, and are entitled to the vendor's lien pertaining thereto. They ask a summary investigation of their claim; that it be declared prior and parmount to the lien of the attachment, and for other relief, etc. To this petition, by the intervenors, the plaintiff demurred, because: First, It shows the claim to be not yet due. Second, It shows the claim is assigned, but not the lien. Third, It shows that the equities are with the plaintiff; and Fourth, It shows a want of equity in the intervenors. Pending the disposition of this demurrer, the debt matured, and the intervenors filed an amendment alleging that fact. The court overruled the demurrer as to the first ground, and sustained it as to the other grounds.

The counsel for appellants first insist, that the judgment must be reversed, because, having some interest in the property in question, they had a clear statutory right to intervene, citing Revision, sections 2759–2767 and 3237. But the intervenors allege as their cause of action, and,

hence, as the ground for their intervention, that *their lien is prior and paramount* to the lien of the plaintiff. This was and is the only point in controversy between the plaintiff and the intervenors; and this was the point determined by the court, in favor of the plaintiff, by sustaining the demurrer as to the causes last specified. There is no adjudication upon the question whether the intervenors may or may not take the attached property after the plaintiff's debt is satisfied. So that, in point of fact, and practically, the only question before us is the same as that made before and decided by the circuit court, to wit: Upon the facts stated in the petition of intervention, is the lien of the intervenors prior or paramount to the lien of the plaintiff?

We need not discuss the question whether the assignees of an obligation given for real estate have the same right to enforce a vendor's lien as the payee and vendor himself has; because, in our view of the case, if Clemens, himself, was seeking to enforce his vendor's lien, as against an attaching creditor without notice of it, his right must be denied. And this, upon the doctrine, as stated by this court in the case of *Porter* v. *The City of Dubuque*, 20 Iowa, 440. It is there said that the lien of a vendor is not based upon contract; nor is it an equitable mortgage or resulting trust, but a mere equity (see pages 442, 443). It is but a naked equity raised and administered by courts, and which will be enforced or denied, even between the parties, where no counter equity arises, as the particular case may seem to demand. But it is never allowed to override or take priority of equities or rights of third persons, which have attached in ignorance of such vendor's equity. It is not, in this respect, like a mortgage, or any other lien created by express contract or even by statute. See the cases and authorities cited in *Porter* v. *The City of Dubuque, supra.*

Affirmed.