GILMAN v. DINGEMAN ET AL.

I. **Vendor's Lien:** PRIORITY OF LIENS: MORTGAGE.   Where, after the pur-
chase of real estate and the receipt of a deed therefor, the vendee
executes a mortgage to secure a loan of money with which to pay the
purchase price of the realty, the mortgagee does not become entitled
to a vendor's lien, and his equity is not superior to that of judgment
creditors whose judgments ante-date the deed.

*Appeal from Sioux District Court.*

WEDNESDAY, OCTOBER 23.

THIS is an action to foreclose a mortgage upon certain real
estate.   The petition made certain judgment lien-holders
parties defendant, averring that said liens were junior and
inferior to plaintiff's mortgage.   The mortgagor made no
defense.   The owners of the judgments answered, averring
that the judgment liens were prior and superior to the lien
created by the mortgage.

The cause was submitted to the court below upon the fol-
lowing agreed facts :

"1.   That the defendants Thomas Barrows & Co. and John
Dodds & Co. are copartnerships doing business under said firm
names.

"2.   That the defendants Thomas Barrows & Co., on the
23d day of September, 1875, obtained in the District Court of
Sioux county, Iowa, a judgment against defendant A. H.
Dingeman in the sum of seventy-five dollars.   *   *   *

"3.   That on November 26, 1875, the defendants John
Dodds & Co. obtained a judgment in the Circuit Court of
Sioux county in the sum of one hundred and fifty-two dollars
and twenty-five cents.   *   *   *   *   *   *   *

"4.   That on the 27th day of November, 1875, A. J. Bet-
ten Jr. sold to the defendant A. H. Dingeman the north-west
quarter of section 20, 95, 45, the land covered by plain-

tiff's mortgage, and executed a deed thereon, which deed was duly recorded on the 29th day of November, 1875.

"5. That on December 7, 1875, the defendant A. H. Dingeman and husband, made and executed a mortgage to the Rhode Island Hospital Trust Company upon the premises aforesaid, which said mortgage was given to secure an advance of money to be made to said defendant, to make a payment of a part of the purchase money of said premises; that of the money advanced the sum of five hundred and forty dollars was paid to the vendor of said premises, and the remainder was paid to D. T. Gilman, Dingeman's agent in the negotiation of said loan.

"6. That subsequent to the execution and record of said mortgage the said Rhode Island Hospital Trust Company cancelled and refused to accept said loan, and that thereupon the mortgagee, Hannah H. Gilman, accepted said loan, and the defendant A. H. Dingeman and husband, made and executed to the said Hannah H. Gilman a mortgage upon the said premises; that while said mortgage is dated December 1, 1875, it was not, in fact, executed and delivered until January 4, 1876, and that the sums aforesaid were paid by the said Hannah H. Gilman; that all of said mortgages have been duly recorded in said Sioux county on the date of acknowledgement and delivery; that execution issued on the judgment of John Dodds & Co. on the 22d day of August, 1876, and was returned February, 1877, 'No property out of which said judgment can be made, found;' that on the 4th day of October, 1876, there was paid to Marks & Hubbard, attorneys for John Dodds & Co., the sum of fifty dollars; that there is no other property except the premises in question out of which said judgments or either of them can be made."

Upon these facts the court held that the lien of plaintiff's mortgage was superior to the lien of the defendants' judgments. Defendants appeal.

Gilman v. Dingeman.

*Marks & Hubbard*, for appellant.

*Edward Henn*, for appellee.

ROTHROCK, CH. J.—It appears from the agreed facts that both of the defendants' judgments were rendered before Dinge-

*1. VENDOR'S lien: priority of liens: mortgage.*

man purchased the land. The land was purchased on the 27th day of November, 1875, and the deed was placed on record two days afterward. There was no mortgage made at the time the deed was executed and delivered. The deed was made and delivered to Dingeman, and placed on record by him, or by some one for him. From the date of this conveyance the judgments of the defendants became a lien upon the land. Whether such liens are prior and superior to the mortgage of the plaintiff must depend upon the question whether the mortgage can be properly held to be a vendor's lien.

The mortgage to the Hospital Trust Company was made December 7, 1875. This mortgage was recorded, but, as we understand the statement of facts, the trust company did not complete its loan by the payment of any money. We take it that the expression "the sums aforesaid were paid by the said Hannah H. Gilman," means that she advanced the same by paying it to Betten, the vendor, for Dingeman, the purchaser. It was applied *pro tanto* in satisfaction of Betten's claim for purchase money. The mortgage in suit was executed and delivered on the 4th day of January, 1876, but was dated December 1, 1875, probably to correspond with the time the money was actually paid. If Betten, the vendor of the land, had taken this mortgage to secure the unpaid purchase money, the lien of the mortgage would have been prior to the lien of the judgments. *Parsons v. Hoyt*, 24 Iowa, 154. Possibly if the deed to Dingeman and the mortgage to the plaintiff had been made at the same time, so as to constitute one transaction, the lien of the judgments should not be allowed to intervene. 14 Mass., 351; 9 Allen, 24; 11 Allen, 407.

If the plaintiff had been surety for the payment of the purchase money, possibly, upon payment being made, she would have been entitled to be subrogated to the rights of the vendor. *Mackreth v. Simmons*, 1 Leading Cases in Equity, 336; Story's Equity, § 499.

But the plaintiff was a stranger to the purchase of the land. There was no privity between her and the vendor. There was no assignment of the lien for the purchase money. She did not contract with the vendor. She made a loan of money to the purchaser to pay the purchase money, and, although she may have actually paid the money to the vendor, yet it was but a payment of the purchase money, the same as though she had paid it to Dingeman and he to Betten.

Counsel for plaintiff insists that she is entitled to be subrogated to all the rights held by Betten as vendor. "Subrogation is in effect an assignment or transfer, by implication or operation of law, as deduced from the act of the parties." 1 Leading Cases in Equity, 369. As we understand the rule this assignment by implication or operation of law does not operate in favor of one who pays a debt for which he is in no way responsible. *Wilkes v. Harper*, 1 Com., 586; *Domm v. Miller*, 15 Wis., 612; 2 Washburn R. P., 92.

Aside from these considerations it is questionable whether a simple vendor's lien for purchase money is paramount to the lien of a judgment obtained without notice of the rights of the vendor. In *Allen v. Loring*, 34 Iowa, 499, it was held that the lien of an attaching creditor without notice is superior to a vendor's lien for purchase money. As an attaching creditor only takes the interest of the debtor in the property attached, it is no greater and reaches no further than the lien of a judgment creditor.

REVERSED.