CUTLER v. AMMON ET AL.

1. **Vendor's Lien:** JUDGMENT: PRIORITY. The lien of a judgment takes precedence of a prior vendor's lien, where the judgment is taken without notice, actual or constructive, of the vendor's lien.

2. **Equity:** LIEN ON TWO FUNDS: MARSHALING ASSETS. A creditor who has a lien on two funds cannot be required by another creditor, who has a lien on one of the funds only, to exhaust the other fund first, except where it can be done without injustice to him.

*Appeal from Winneshiek Circuit Court.*

TUESDAY, DECEMBER 9.

ACTION in equity to enforce a vendor's lien. The defend-ants, John Ammon and George W. Scott, are the owners of certain real estate in Decorah, Winneshiek county, on which the plaintiff holds a vendor's lien for an unpaid balance of purchase money. Since the sale and conveyance, the defend-ant, Scott, executed upon his undivided half a mortgage to certain creditors, other than the plaintiff, and the defendant, Ammon, confessed judgment in the district court of Winne-shiek county in favor of certain other creditors, made defend-ants hereto, who, it appears, had no knowledge of the vendor's lien. The contest arises as between the plaintiff and the judgment creditors of Ammon, and respects only Ammon's undivided half. The court decreed the plaintiff's lien as vendor inferior to the judgment lien, and refused to decree that the judgment creditors should resort to certain other security before proceeding to enforce their lien upon the real estate in question. The court, also, through oversight or otherwise,

omitted to render judgment against the debtors, Ammon and Scott. The plaintiff appeals.

*E. Cutler*, for himself.

*Willett & Willett*, for appellees.

ADAMS, J.—I. The question as to whether a judgment lien takes precedence of a vendor's lien, where the judgment creditors have taken judgment in ignorance of the vendor's lien, appears to be an open one in this state. It was held in *Allen v. Loring*, 34 Iowa, 499, that the lien of an attachment takes precedence of a vendor's lien, where the attaching creditor acquired his lien without notice of the vendor's lien; and in *Gilman v. Dingeman*, 49 Iowa, 311, there is an intimation that the same rule would apply in favor of the holder of a judgment lien. In *Porter v. City of Dubuque*, 20 Iowa, 442, it was said: "The right to a lien in favor of a vendor, upon real estate sold to a vendee, is not based upon contract, nor is it properly an equitable mortgage; neither can it be regarded as a trust resulting to the vendor by reason of the vendee holding the estate with the purchase money unpaid. It is a simple equity raised and administered by courts of chancery."

In *Allen v. Loring* the court, in speaking of the vendor's lien, says: "It is never allowed to override or take priority of equities or rights of third persons which have attached in ignorance of such vendor's lien." In 3 Pom. Eq. Jur., section 1253, the author says: "Whether the grantor's lien is or is not superior to that of subsequent judgments recovered against the grantee, is a question upon which the American decisions are in direct conflict. On principle, however, and especially when considered in connection with the universal system of registry, it seems to me clear that the subsequent judgment liens are entitled to precedence." See, also, *Johnson v. Cawthorn*, 1 Dev. & B., 32; *Roberts v. Rose*, 2 Humph., 145; *Gann v. Chester*, 5 Yerg., 205; *Gilman v.*

*Brown*, 1 Mason, 192. While we do not regard the question presented as entirely free from doubt, we have to say that we think that the rule which subordinates a vendor's lien to a judgment lien, acquired without notice, is the better rule.

It is said, however, that a contrary rule should be sustained as arising by implication from section 1940 of the Code. That section provides that " no vendor's lien for unpaid purchase money shall be recognized or enforced in any court of law or equity, after conveyance by the vendee, unless such lien is reserved by conveyance, mortgage, or other instrument, duly acknowledged and recorded, or unless such conveyance by the vendee is made after suit brought by the vendor, his executor or assignees, to enforce the lien." The plaintiff's position is that the statute implies that, in the absence of a conveyance, as in this case, the vendor's lien shall be recognized and enforced, and that nothing short of a conveyance should be held even to impair the vendor's right. But in our opinion the plaintiff's position cannot be sustained. The object of the statute appears to be to provide that a grantee of the debtor shall take the land divested of the vendor's lien, even though he takes with knowledge that the purchase money remains unpaid. Where a lien is not expressly reserved in writing, a grantee of the debtor has, under the statute, a right to assume that a vendor's lien, as against such grantee, was waived. It is true that, where there is no conveyance, the lien may be enforced; but we see nothing in the statute which would justify us in holding that, where a lien has been acquired by others upon the land without notice of the vendor's lien, the latter should not be enforced in subordination to the former.

II.   But it is said that the judgment creditors have an exclusive right to resort to another fund, and should, under a familiar rule, be required to exhaust that fund before resorting to that upon which the plaintiff relies. The fund to which it is said that the judgment creditors have an exclusive right arises as follows: The judgment debtor, John Ammon, was

executor of the will of G. S. Ammon, deceased. The judgment creditors are devisees under the will. John Ammon, as executor, became indebted to the estate for money collected. Afterwards he gave his note for the money to the devisees, and finally confessed, upon the notes, the judgment in question. The plaintiff insists that it must be presumed that John Ammon was not entitled, under the will, to administer without bond; and that it must be presumed, further, that a bond was given, and that the judgment in question could be collected of the bondsmen. To this we have to say that it appears to us to be doubtful whether we should be justified in presuming that much, in the absence of averment and evidence; and, even if we could, whether the plaintiff's right to have the land subjected to the payment of the indebtedness due him would be superior in equity to the bondsmen's right to have the land subjected to the payment of the indebtedness due the judgment creditors. But we do not consider that these questions are so presented that they call for a determination. It seems to us clear that the court could not properly make a decree upon this point without having the bondsmen before it. No decree which could be now made would conclude them. If, then, we should sustain the plaintiff, we should remit these judgment creditors to what, at best, would be but the chances of litigation, involving a question of personal responsibility, as well as of superior equities. The person who has a claim upon two funds as security cannot be required to exhaust one in preference to the other, except where it can be done without injustice to him. *Clarke v. Bancroft*, 13 Iowa, 320.

III. The plaintiff appears to have been entitled to judgment for the amount of his claim against John Ammon and George W. Scott, who made default, and no reason is suggested why such judgment was not rendered. We think that in this the court erred. The costs of the appeal will be taxed to the defendant debtors, Ammon and Scott.

MODIFIED AND AFFIRMED.