Ocobock v. Baker.

---

A. W. OCOBOCK, APPELLANT, V. A. H. BAKER ET AL., APPELLEES.

FILED OCTOBER 20, 1897.　No. 7492.

| 52 | 447 |
| 54 | 167 |
| 52 | 447 |
| 57 | 740 |
| 52 | 447 |
| 60 | 626 |
| 60 | 627 |

1. **Judgment: TIME LIEN ATTACHES: LIEN OF MORTGAGE.** A term of a district court began on the 20th of November, during which a judgment was rendered, not by confession, in an action commenced prior to the beginning of the term. During said term, but before the rendition of the judgment, the judgment debtor mortgaged his real estate. *Held* (1) That the lien of the judgment attached against the real estate of the judgment debtor on the 20th day of November; (2) that the lien of the judgment was prior to the lien of the mortgage, though the latter was filed for record prior to the date of the rendition of the judgment. *Norfolk State Bank v. Murphy*, 40 Neb., 735, followed.

2. ————: ————: ————: **SUBROGATION.** Such judgment was a lien upon lands not covered by the mortgage, and the judgment creditor, with notice of the existence of the mortgage, released from

the lien of his judgment lands not covered by the mortgage of value sufficient to satisfy his judgment. At no time prior to the judgment creditor's releasing the lands from the lien of his judgment was he notified by the mortgagee that he would be required or expected to collect his judgment from the lands of the debtor upon which the mortgage was not a lien. *Held,* That the mortgagee was not entitled to be subrogated to the first lien of the judgment creditor against the land covered by the mortgage.

APPEAL from the district court of Hall county. Heard below before KENDALL, J. *Affirmed.*

*George H. Thummel,* for appellant.

References: 2 Pomeroy, Equity Jurisprudence, sec. 592; *Lodge v. Simonton,* 2 P. & W. [Pa.], 439; *Tardy v. Morgan,* 3 McLean [U. S.], 358; *Hill v. Epley,* 7 Casey [Pa.], 331; *May v. Hanks,* Phillips Eq. [N. Car.], 310; *Knapp v. Bailey,* 79 Me., 196; *Mulliken v. Graham,* 72 Pa. St., 484; *Curtis v. Mundy,* 3 Met. [Mass.], 405; *Inglehart v. Crane,* 42 Ill., 261.

*R. R. Horth, W. H. Thompson, W. H. Platt, Charles G. Ryan, Abbott & Caldwell,* and *W. A. Prince, contra.*

RAGAN, C.

This is an appeal from a decree of the district court of Hall county. The undisputed facts are briefly as follows: On November 20, 1893, A. H. Baker owned certain real estate in Hall county. On that date was begun a term of the district court of said county. During the term a judgment was rendered against Baker in favor of the Security National Bank. The judgment was not by confession and the action in which it was rendered was not commenced at or during the term at which the judgment was rendered. On December 2, 1893, Baker mortgaged certain real estate in said Hall county to A. W. Ocobock, which mortgage was duly filed in the office of the register of deeds of said county on said date. Subsequent to the filing of Ocobock's mortgage the bank released from the lien of its judgment a large amount of real estate sit-

uate in Hall county belonging to Baker, and which real estate was not covered by the Ocobock mortgage. The value of the real estate released by the bank from the lien of its judgment exceeded the .amount of its judgment against Baker. At the time the bank released these lands from its judgment lien it had no actual knowledge of the existence of the Ocobock mortgage. Ocobock at no time prior to the bank's releasing its judgment liens notified it that he desired it would first exhaust its liens upon the lands of Baker not covered by his mortgage; nor that he should require it, the bank, to first exhaust the lands of Baker on which he, Ocobock, had no lien. The lands covered by the Ocobock mortgage are not of sufficient value to pay the debt secured and the bank's judgment.

During the month of December, 1893, one Vest was the cashier and managing officer of the bank. During that month there was a daily publication, or "daily report," circulated among subscribers in the city of Grand Island, where the bank was situated, of the transactions occurring the previous day in the office of the register of deeds, so far as the same affected conveyances and incumbrances of real estate. This daily publication, or report, gave the names of the grantors and mortgagors, grantees and mortgagees, the character and date of the instrument, the consideration for the conveyance, and a description of the real estate incumbered. The cashier of the bank was a subscriber to this publication. The fact of the making of the mortgage by Baker and wife to Ocobock was set out in the publication, and this publication the cashier of the bank saw and read prior to the date of releasing the bank's judgment lien on the lands of Baker not covered by the Ocobock mortgage. Ocobock brought suit to foreclose his mortgage and made the bank a party defendant. The bank filed a cross-petition setting up its judgment and claimed a first lien upon the real estate described in Ocobock's mortgage. The latter claimed that, by reason of the bank's having released

33

from the lien of its judgment lands of Baker not covered by his mortgage of greater value than the amount of the bank's judgment, he was entitled to be subrogated to the bank's lien upon the lands of Baker covered by the mortgage. The district court decreed that the bank was entitled to a first lien upon the mortgaged real estate and Ocobock has appealed. The decree of the district court is right.

1. The judgment of the bank not being by confession, and having been rendered in an action commenced prior to the beginning of the term at which the judgment was rendered, became a lien upon the lands of Baker situate in Hall county from and after the first day of the term of court at which the judgment was rendered, namely, November 20, 1893, and such a lien was a superior lien to the mortgage of Ocobock filed December 2, 1893, though the mortgage was filed before the date the judgment was actually rendered. (See Code of Civil Procedure, sec. 477; *Norfolk State Bank v. Murphy*, 40 Neb., 735.)

2. It is a general rule that if a creditor having a choice of two funds should, contrary to equity, so exercise his legal rights as to exhaust that fund to which only other creditors can resort, then those other creditors will be placed by a court of equity in his situation so far as he has applied their fund to the satisfaction of his claim. (Chief Justice Marshall in *Alston v. Munford*, 1 Brock. [U. S.], 279. See, also, *Cheesebrough v. Millard*, 1 Johns. Ch. [N. Y.], 409; *Iglehart v. Crane*, 42 Ill., 261; *Hosmer v. Campbell*, 98 Ill., 572.)

3. The record of Ocobock's mortgage was not constructive notice of its existence to the bank. The bank was not charged with notice of deeds or mortgages affecting the real estate upon which its judgment was a lien filed for record subsequent to November 20, 1893. The registry laws apply to subsequent purchasers and incumbrancers only. (*Hosmer v. Campbell*, 98 Ill., 572.) And paradoxical as it may seem, the bank was a prior incumbrancer of this land to Ocobock, though its judgment was

not rendered until after the filing of Ocobock's mortgage. This is because the statute makes a judgment not rendered by confession, and not rendered at the same term of court at which the action is brought, a lien upon the lands of the judgment debtor from the first day of the term of court at which the judgment is rendered, and parties dealing with real estate are charged with notice of pending suits against their grantor in the district courts of the county where the land is situate.

4. We do not decide whether the bank had notice of the existence of Ocobock's mortgage prior to the date it released Baker's lands from the lien of its judgment, because its cashier subscribed for and read the daily publication of the transactions occurring in the office of the register of deeds, but, for the purposes of this case, assume that it had such notice. For, if it be held that the taking and reading of this daily publication by the cashier of the bank was notice to the bank of the Ocobock mortgage, that fact would not entitle the appellant to be substituted or subrogated to the first lien of the bank against the property on which the appellant has a mortgage. This doctrine of subrogation or substitution does not flow from any fixed rule of law. It is applied by courts of equity to prevent a miscarriage of justice, and it is a familiar principle that "he who asks equity must do equity."

As already stated, Ocobock neglected to notify the bank that he had a lien upon the real estate on which the bank's judgment was a lien, which lien was subordinate to the bank's; and he neglected to notify the bank that he desired it to first exhaust the real estate of Baker upon which his mortgage was not a lien before going upon the mortgaged property; nor did he notify the bank that it would be required or expected to exhaust the real estate upon which he, Ocobock, held no lien. Not having done this the bank has not been guilty of any inequity towards Ocobock. How was the bank to know that Ocobock's debt was unpaid, or that the real

estate pledged by the mortgage was not sufficient to satisfy Ocobock's debt as well as the bank's lien? Ocobock was a subsequent encumbrancer upon the real estate on which the bank had a lien. He was charged with notice of the existence of this judgment, and had he desired that the bank first exhaust the property of Baker, not incumbered by his mortgage, he should have notified that fact to the bank; and then, had the bank, with a knowledge of the existence of Ocobock's mortgage, and with the knowledge in its possession that he required it to first exhaust the property of Baker not covered by the mortgage, released the lands from the lien of its judgment, Ocobock would be in a position here to invoke the doctrine of subrogation, or substitution, and have the bank's lien subrogated to the lien of his mortgage. But neither constructive notice nor actual knowledge on the part of the bank of the existence of Ocobock's mortgage was alone sufficient to postpone the bank's judgment lien to his mortgage, because the bank, in possession of such notice or knowledge, released certain lands of Baker's from the lien of its judgment. Ocobock being a subsequent incumbrancer, he was the party that the law required to be vigilant, and the bank was under no obligation to inquire of him as to the amount of his debt, the sufficiency of the security, nor whether he desired it to first exhaust its lien upon lands not covered by its mortgage, or whether he desired it not to release those lands from the lien of its judgment. Ocobock, by his laches, has forfeited the right to have the court apply to his case the doctrine of subrogation. (*Clarke v. Bancroft,* 13 Ia., 320; *Ross v. Duggan,* 5 Colo., 85; *Iglehart v. Crane,* 42 Ill., 261; *Hosmer v. Campbell,* 98 Ill., 572; *Taylor's Executors v. Maris,* 5 Rawle [Pa.], 50.) The decree of the district court is

AFFIRMED.