## COLVIN v. McCASKY.

1. BILL IN CHANCERY: ALLEGATIONS. Where two certificates of pre-emption were issued by the county judge to different claimants of the same

Colvin v. McCasky.

tract of swamp land, in a bill by the holder of the first certificate to cancel the second as a cloud upon his title, it is not necessary to allege any facts required by law to be shown to the county judge before a certificate of pre-emption will be issued.

2. SAME. It is not necessary to allege in such a bill that there were no other claimants of the land, or that there was no contest of plaintiff's claims before the county judge when the first certificate was granted.

3. SWAMP LAND CONTESTS: JURISDICTION. Under chapter 55, section 10, laws of 1855, the county judge has jurisdiction only of contests arising on original applications for certificates of pre-emption of swamp lands. He has no jurisdiction of those arising after a certificate of pre-emption has been issued.

4. FRAUD, AND MISTAKE. When two certificates of pre-emption of the same tract of swamp lands have been issued to different persons, a court of equity will cancel the one obtained by fraud, mistake or erroneous proceedings.

*Appeal from Adams District Court.*

FRIDAY, NOVEMBER 4.

BILL in equity to set aside a certificate of a swamp land pre-emption. The complainant represents that on the 7th July A. D. 1857, he proved up his right to a pre-emption, and obtained a certificate thereof, to the NW¼ of SW¼ (timber) of section 7, Township 71, north range 34, west, and that after he had so proved his right and obtained his certificate, the defendant wrongfully and for the purpose of injuring him and depriving him of his land, commenced to improve the same parcel, and on the —— day of September A. D. 1857, proved up a claim upon the same and received a certificate of pre-emption thereof from the county judge of said county; and he made an exhibit of the certificate issued to himself.

Therefore, inasmuch as he acquired all the rights of the county in and to the land before the respondent had acquired any right, and inasmuch as the defendant obtained no right by his certificate, but the same whilst outstanding, casts a cloud on the title of petitioner and is calculated to disquiet him in his right and enjoyment thereof, he prays that the court decree that the certificate of the defendant be canceled

and held for naught, or so much thereof as conflicts with the petitioner's right.

The respondent filed a demurrer and an answer subject to the rule, and the demurrer being overruled he withdrew his answer, standing upon the demurrer, and a decree was entered for the complainant canceling and annulling the certificate issued to the respondent. From this the defendant appeals. The substance of the demurrer appears in the opinion of the court.

*Frank M. Davis* for the appellant, in his argument as to the powers and jurisdiction of the county judge, cited *Campbell* v. *The County of Polk*, 3 Iowa 467; *Bailey* v. *Hearse* 3 G. Greene 415; 3 Hore. 460; 1 McLean 535; 14 Ill. 344; 5 U. S. *Stat. at Large* 251; Chap. 156 Laws 1855. As to the equity of the bill, 3 G. Greene 443; 1 Iowa 259; 4 Ib. 410; 1 Dan. Ch. 389; note 1 and cases cited; 3 Iowa 543; Ib 406.

*L. Lingenfelter*, for the appellee, relied upon *Arnold* v. *Grimes & Chapman*, 2 Iowa 1.

WOODWARD, J.—The larger and more essential part of the demurrer objects that the bill does not state the existence of those facts which were requisite to constitute a valid pre-emption right; such as that the petitioner proved up his claim within the sixty days; that there was no other claim on the land at the time he proved; and that the bill does not show but that there was a contest before the county judge at the time, &c. It is not necessary for the complainant to allege in his bill facts which were requisite in order to constitute or to prove his right. These were to be shown to the county judge, and he was to adjudicate upon them; but for the petitioner's present purpose, it was sufficient for him to aver, that a pre-emption right had been adjudged to him and that he had received a certificate thereof.

Two certificates had been issued for the same piece of land, and this bill, filed by the holder of the first, is designed to

try the validity of the second.    In other words, and in effect, it is to try the question between the two, which is the valid one.    For this purpose the complainant in the outset stands upon his certificate, the presumption being that it was properly issued, and leaves it to his opponent to show its defect, he, the plaintiff, making his attack upon the second certificate.

For a like reason he need not state that there was no other claimant, or no contest before the judge.    If these things had existed they must have been adjudicated when the right was awarded to him, and he is not required to go behind such judgment.

The petition does not, as is averred in the demurrer, show that there was an existing contest for the right.    One certificate having been issued such contest could not be tried by the county judge, as was determined in *Rodgers* v. *Vass*, 6 Iowa 406.    The contest refered to in statute 1855, ch. 156, section 10, page 230, is one on the original applications, and not after a certificate has issued, for this implies a case determined.

It is true that the bill does not set forth facts showing fraud in the attainment of the defendant's certificate, but the petition does not profess to place the plaintiff's prayer upon that ground.    It charges that the respondent wrongfully, and with intent to injure the petitioner, and to deprive him of his land, proved up a claim and obtained a certificate ; and this may have been done without fraud, as it may have been through mistake or by proceedings which were erroneous. In the present instance there must have been fraud, mistake or error, in order that two certificates should be issued to two persons for the same tract of land ; and if fraud is not charged the other two remain and are sufficient.

Regarding the demurrer under a somewhat wider construction, we think the single position, that the second claim was proved up and allowed after the petitioner's certificate had issued, is sufficient, for in such case the first certificate is the better in law and will prevail, until some defect be shown in

it, whatever may be the other defects in relation to the second. And therefore, also, we think the bill avers enough to sustain it.

The demurrer was correctly overruled, and the defendant adhered to it, and a decree was rendered in accordance with the prayer of the petition.

The judgment of the District Court is affirmed.