## WALKER v. PLUMER.

1. **Swamp Lands:** CERTIFICATE: EVIDENCE. Where the title of one party to a tract of swamp land was based upon a deed and certificate of pre-emption and the title of another was based upon a deed executed prior to the former, but there was no evidence that a certificate had ever been issued to the grantee in the deed or those from whom he claimed, *held* that the burden was upon the party having no certificate to establish the fact that one had been issued and that its date was prior to that of the other, and that in its absence the title based upon the certificate offered in evidence must prevail.

*Appeal from Pottawattamie District Court.*

THURSDAY, OCTOBER, 19.

On the 18th day of November, 1872, the plaintiff commenced this action for the possession of certain lands, alleging that she is the owner, and entitled to the immediate possession thereof.

The answer denies that plaintiff owns the lands; alleges that defendant owns them, and by way of cross-petition asks that plaintiff's title be set aside, and the title of defendant be quieted and established. On motion of defendant the cause was transferred to the equity calendar.

The court decreed that the cross-petition be dismissed, and that the plaintiff recover possession of the land described. Defendant appeals.

*E. E. Aylesworth* and *L. W. Ross*, for appellant.

*Montgomery & Scott*, for appellee.

DAY, J.—The plaintiff, in making out her case in chief, introduced simply a deed for the lands in controversy from

1. SWAMP lands: certificate: evidence.

W. C. James, county judge, to Thomas A. Walker, dated January 22d, 1857; and a quit-claim deed from Thomas A. Walker to plaintiff, dated the 20th day of March, 1872. There is nothing in the evidence showing that either of these deeds has been recorded.

The defendant introduced the book of original entries showing the land in controversy to be swamp land; the book styled swamp land book, in auditor's office, showing that the land in controversy was pre-empted by Charles W. Key, October 19th, 1855; a certificate of pre-emption, executed by A. V. Larimer, county judge, *pro tem*, dated November 21, 1855, showing that Charles W. Key has produced proof of having made a *bona fide* improvement on the land in controversy, and that he will be entitled to enter the same at one dollar and twenty-five cents per acre, whenever the title of said county is completed thereto; an assignment of said certificate of pre-emption by Charles W. Key to D. B. Clark, dated February 10, 1859; an assignment of the certificate by D. B. Clark to Frank Street, March 5, 1859; an indorsement on said certificate showing payment of the entrance money by Frank Street, May 20, 1859; a deed from Pottawattamie county to Frank Street, May 27, 1859; a warranty deed of Frank Street and wife to Stephen W. Carr, dated July 6, 1859; a warranty deed of Stephen W. Carr and wife to Jacob Smith, January 23, 1860; a warranty deed of Jacob Smith to Frederick Plumer, the defendant, dated August 5, 1872. The last three deeds are shown to have been duly recorded. Defendant further proved that prior to January 23, 1857, there never had been any offering of swamp lands, in Pottawattamie county, for sale at public auction; and that the deed to Frank Street was made pursuant to, and upon surrender of the certificate of pre-emption above referred to, Street not knowing at the time he paid the entrance money and procured his deed, that a deed had been executed to Thomas A. Walker.

In rebuttal plaintiff called W. C. James, who testified that he supposed the deed to Walker was issued upon a certificate of pre-emption held by Walker at the time, as he made no deeds except on pre-emption, but that he has no independent recollection respecting it. The abstract contains all the testimony, and the material portion of it is set out above.

The land is conceded to be swamp land. By the provisions of the law then in force it was subject to pre-emption, by any one having a *bona fide* claim, by actual settlement or improve-

ment. Revision, sections 973-4-5. The evidence shows that Charles W. Key produced proof of having made a *bona fide* improvement upon the land in controversy, and that a proper certificate of pre-emption was issued to him dated November 21, 1855.

The presumption is that this certificate recites the truth, and that it was properly issued. *Colvin v. McCasky*, 9 Iowa, 585. There is nothing in the evidence to rebut the *prima facie* case made by the certificate of pre-emption. Key, then, pursuant to the provisions of the law, did make and have upon this land a *bona fide* improvement, and on account of this improvement he did, on the 21st day of November, 1855, procure a certificate of pre-emption. Did this certificate invest him with any rights, or confer upon him any privileges? Section 975 of the Revision provides: "The said certificate shall entitle the holder thereof to perfect his title to the land mentioned therein, whenever the proper returns of the Iowa swamp lands are made, so as to complete the title of the several counties thereto; and the several county judges shall give public notice thereof, and require the several claimants holding certificates to pay the entrance money into the treasury of the proper county; whereupon said claimants shall be entitled to receive a patent for the land mentioned in their respective certificates." The pre-emption certificate then does confer rights, rights which are altogether inconsistent with the right or power of the county to confer a subsequent paramount title upon another. A subsequent grantee of the county must of necessity hold the title in trust for the holder of the certificate of pre-emption.

The title of defendant is based upon a valid certificate of pre-emption, dated November 21, 1855. The title of plaintiff is based upon a deed dated January 22, 1857. True, W. C. James testifies that he supposed the deed to Thomas A. Walker was made pursuant to a certificate of pre-emption held by him. Waiving the consideration of the question presented as to the competency of this testimony, if it proves anything, it only shows that the deed was based upon a certificate of pre-emption. Where this certificate is, to whom it was issued,

Walker v. Plumer.

what was its date, the evidence does not show. It is plain that if the existence of such certificate should be conceded, before any right can be claimed under it it must appear to be anterior in date to that issued to Key, under which the defendant claims. And this priority of date must be proved by the plaintiff. The defendant is in possession. The plaintiff seeks to evict him. She must recover upon the strength of her own title. No presumption can be indulged in aid of this title, to the disparagement of that of defendant. It seems to us very clear that the court erred in holding that the title of plaintiff, under the facts proved, is paramount to that of defendant.

The petition of plaintiff should be dismissed, and a decree entered quieting defendant's title.

REVERSED.

### ON REHEARING.

DAY, J.—Within the time by rule prescribed the plaintiff filed a petition for rehearing, to which the defendant, as directed by the court, replied.

It is claimed by plaintiff that the foregoing opinion is in conflict with an opinion announced in this case at a former term of the court, and reported in 41 Iowa, page 697. Such is not the case. By reference to the former opinion, it will be seen that permission was given to amend the abstract so as to show that it contained all the evidence. Such amendment was made. We have not tried the case *de novo*, but have found that the evidence is not sufficient to sustain the finding of the court below. The opinion does not authorize final decree in this court, nor was it the intention to deprive plaintiff of a re-trial, if he desired to have such trial.

All we intended by the former opinion was that upon the evidence as now submitted the petition of plaintiff should be dismissed, and a decree entered quieting defendant's title.

If plaintiff can change the aspect of the case by the production of further testimony upon a re-trial, he may do so. The petition for rehearing is

OVERRULED.