## MALONY v. FORTUNE *et ux.*

1. DECREE IN FORECLOSURE. A decree in the foreclosure of a mortgage should order a sale of only so much of the mortgaged premises as may be necessary to satisfy the mortgage debt and costs. It is error to order a sale of the entire premises, and a payment of the balance remaining after satisfying such debt and costs into Court.

2. REDEMPTION: MORTGAGES. The provisions of " an act to provide for the redemption of real estate sold on foreclosure of mortgages," (chap. 103,. Laws 1860, p. 870, Revision 1860) are, so far as they affect contracts entered into before its enactment, unconstitutional and invalid. (*Rosier* v. *Hale*, 10 Iowa, 470, and the authorities there cited.)

3. DECREE IN FAVOR OF SCHOOL FUND. The mortgagor is not prejudiced by, and cannot complain of, a decree declaring an amount due the school fund as penalty for usury in the mortgage contract a lien upon the mortgaged property from the date of the execution of the mortgage.

### *Appeal from Dubuque City Court.*

### TUESDAY, JANUARY 6, 1863.

PROCEEDING to foreclose a mortgage; defense, usury; decree for the complainant for the sum of $900, for the State of Iowa, for the use of the school fund in the sum of $492.12, and for the defendants for costs. The decree further orders, that " all and singular " the lots described in the mortgage be sold under special execution; that the marshal execute to the purchaser a deed; that the sums above mentioned be paid to the complainant, and that the funds thereafter remaining be brought into Court; that an execution issue in favor of the school fund, and that the " mortgaged premises be held " for the satisfaction of the same. The respondent appeals.

*M. B. Mulkhern* and *Griffith & Knight* for the appellant.

*Burt, Angell & Lyon* for the appellee, relied upon *Rosier* v. *Hale*, 10 Iowa, 470; *Scoby* v. *Gibson*, Am. Law. Reg., Feby., 1862, p. 221; *Howard* v. *Bugbee*, 24 How. U. S., 461.

BALDWIN, C. J.— The mortgage for the foreclosure of which this proceeding was commenced was upon several lots in the city of Dubuque.

The Court in its decree directed all the property therein described to be sold, and after paying the amount due the

Malony v. Fortune.

complainant, that the remainder of the money should be brought into Court and held subject to its order.

The first point made by the counsel is, that the Court erred in making the sale absolute. This error is well assigned. The statute provides, that "if anything be found due the plaintiff, the Court shall render judgment therefor, and must direct the mortgaged premises, or so much thereof *as is necessary* to be sold to satisfy the amount due, with interests and costs. A special execution shall issue accordingly," § 3661, Rev. of 1860, 2084, Code of 1851. The statute evidently contemplates a conditional order of sale. The decree in this case is absolute.

It is claimed in argument by counsel for appellee, that the respondents could not be prejudiced by this character of a decree, as it is made the duty of the officers to sell only so much of the mortgaged premises as is necessary to satisfy the debt, §§ 3267 and 3268, Rev. 1860.

Also, that under the provisions of § 3319, the defendant in the execution may at any time before sale deliver to the officer a plan of the division of the land levied on, and it is there made the duty of the officer to sell according to such plan so much of the land as may be necessary to satisfy the debt and costs, and no more.

These provisions, we think, apply in sales under a general execution. When the decree of the Court is absolute and directs certain property to be sold, the execution defendant cannot divide his property and substitute other property in the place of that ordered to be sold, nor can exercise any power to select or discriminate; the mandate of the Court is imperative and he has only to obey.

It is next objected that the decree directs the sheriff to make to the purchaser at such sale an absolute deed, and thereby denies to the respondents the equity of redemption provided for in chapter 103, Laws of 1860, page 873, Revision. This act provides that "in all cases when judg-

ments or decrees are rendered by any of the Courts of this State upon a foreclosure of mortgages on real estate, the defendant's judgment creditors and other creditors having liens on the mortgaged premises, shall, in case of the sale of the mortgaged premises, on execution, have the same time to redeem, and the same right of redemption, as in cases of sales on ordinary judgments at law, as provided for in chapter 110, of the Code of 1851, and all acts inconsistent with the provisions of this act are hereby repealed." Section 3664, in the Revision, is in effect the same. When the contract sued on was made, no such right of redemption existed. Section 10 of the Federal Constitution prohibits the passage of any laws by any of the States impairing the obligation of contracts. Article 1, sec. 21, of our State constitution has a like prohibition against such legislation. The passage of relief laws—designed to be retroactive in their operation—in so many of the States, has engaged the attention of not only the State, but also of the Federal Courts, in relation to their constitutionality.

The argument against the validity of such laws, repeated in so many decisions, is familiar to the legal mind. It is useless, at this time, to undertake to refer in detail to the reported cases in which this question has been so thoroughly discussed. Counsel for appellant raise the question but do not ask us to listen to a suggestion from them in favor of their position. We only add that in our opinion this act of the Legislature in so far as it affects contracts made prior to its passage is invalid.

We think there is no distinction in principle between this act and the appraisement law, which was held invalid as to contracts made prior to the passage of said act, in the case of *Rosier* v. *Hale*, 10 Iowa, 470. Upon the decision of the case, and following the cases there cited, as also the cases of *Scoby* v. *Gibson*, decided in the Supreme Court of Indiana, Am. Law Reg., Feb., 1862; and *Howard* v. *Bug-*

*bee*, 24 How., 461. The judgment of the Court in denying to respondent an equity of redemption is affirmed.

· The last point made is, that the Court erred in declaring the judgment in favor of the State for the use of the school fund a lien upon the mortgaged premises.

Intervening judgment creditors or subsequent purchasers might complain of this special lien, but we cannot see wherein it prejudices the right of respondent.

A general judgment or a general lien credited thereby would have the same effect as a special one so far as respondents are concerned.

The decree will be so modified in this Court as to conform to this opinion in relation to the order of sale; in other respects it is affirmed.

Affirmed at the costs of appellee.