JOHNSON v. McGREW ET AL.

1. **Pleading**: ADMISSIONS: AMENDMENT. A party making allegations in his petition which constitute distinct items of proof will be bound by such allegations, notwithstanding he may have superseded the petition by an amended one, but *aliter* where averments are made of the existence of ultimate facts to be established by the evidence.

2. **Vendor's Lien**: EXISTENCE RECOGNIZED: CONVEYANCE. The vendor has a lien, as between himself and the vendee, upon the property sold until he has been paid the agreed price, and it attaches equally whether the property be actually conveyed or only contracted to be conveyed.

3. ———: UNDER THE STATUTE: REMEDY. Sections 3671 and 3672 of the Revision placed the vendor and vendee in the same position as respects the remedy as the mortgagor and mortgagee of an express mortgage.

4. **Practice in the Supreme Court**: ABSTRACT: COSTS. Where the appellant's abstract fully and fairly presents the case, the appellee will not be allowed costs for an additional abstract which presents nothing necessary for a determination of the case.

*Appeal from Clarke Circuit Court.*

FRIDAY, MARCH 24.

ON the 4th of March, 1873, the plaintiff filed his amended petition, in substance stating that on the 13th day of August, 1870, he sold to the defendant, R. F. McGrew, one hundred and sixty acres of land for $1,600.; that McGrew delivered to plaintiff at the date of the purchase of said land a promissory note, executed to said McGrew by one Solomon Ritter, for the sum of $1,102, which note was secured by mortgage on a large amount of land that had been sold and conveyed by Ritter to McGrew, the note being given for the purchase price of said land. That at the time of the sale and conveyance to Ritter, and the execution of the mortgage to secure the purchase money, a part of the land had been sold on execution on judgments against McGrew, and the right of redemption still existed in him; that the agreement between plaintiff and defendant was that plaintiff would take one note executed by Solomon Ritter as part payment on the land sold to defendant without indorsement or recourse on defendant, provided that

defendant would agree and promise to redeem the land that was included in the mortgage given to secure the Ritter note; that defendant agreed and promised and undertook on his part that, if plaintiff would accept said note as part payment on said land, defendant would redeem the lands described in the mortgage given to secure the note; that plaintiff relied on the agreement as before stated and conveyed the land to the defendant, taking his note and mortgage for the remainder of the purchase price after deducting the amount of the Ritter note; that defendant neglected to redeem said land from judicial sale, and thereby violated his contract and caused the security for said note to be lost and the note rendered worthless. Plaintiff alleges that he has received nothing on the note, and that he tendered it back to defendant, and he prays for judgment for $1,202.75 and the establishment of a vendor's lien against eighty acres of the land conveyed to defendant.

A demurrer to this petition was sustained, and plaintiff filed a second amendment, stating: "That after said contract of sale and conveyance of said lands by plaintiff to defendant, the defendant delivered to plaintiff a promissory note made by Solomon Ritter to R. F. McGrew or order, dated October 14, 1869, for the sum of $1,202.75, due April 1, 1872, and it was then and there verbally agreed by and between plaintiff and defendant that said Ritter's note so delivered was to become the property of plaintiff on the following conditions, to-wit: That the defendant, R. F. McGrew, should actually redeem within the time allowed by law certain lands which had been sold on execution against said defendant   *   *   *   before the land was deeded by the sheriff. Now, in case defendant should redeem said land from sheriff's sale within the time allowed by law, then, and not till then, was said note of Ritter to become the property of plaintiff in payment of the balance of the purchase price of said land. That it was on the express condition aforesaid that plaintiff took said note into his possession." Plaintiff alleges the failure of defendant and prays judgment as in his former petition. The answer denies every allegation of the petition, and alleges that plaintiff took the

Ritter note in payment of that amount of the price of said lands.

The cause was tried by the court and judgment was rendered for plaintiff as prayed in the petition. Defendant appeals.

*Stuart Brothers*, for appellant.

An amendment to a pleading which does not state that it is intended as a substitute does not remove the original pleading from the case, and by the allegations of the latter the pleader is bound. (*Kostendader v. Pierce*, 37 Iowa, 646; *Mulligan v. I. C. R. Co.*, 36 Id., 189.) If a vendor takes a distinct and independent security for the purchase money, his lien on the estate is gone, as it clearly appears he did not trust to the estate as security for his money. (Sug. on Vendors, 253; 6 Ves., 483.) If the vendor takes a mortgage of the estate sold for a part of the purchase money, he loses his equitable lien for the balance. (Sug. on Vendors, 323.) Collateral personal security operates to discharge the lien. (*Brown v. Gillman*, 1 Mason, 214; *Hadley v. Pickett*, 25 Ind., 452; *Boone v. Murphy*, 6 Blackf., 272.) The taking of collateral security waives the lien. (*Dodge v. Evans*, 43 Miss., 570.) The acceptance of an indorsed or secured note raises the presumption of a waiver of the lien. (*Fonda v. Jones*, 42 Miss., 792; *Dursette v. Briggs*, 47 Mo., 356.)

*Wilson & Stephens*, for appellee.

Where one party delivers to another the note of a third person in payment of a prior debt, the law will presume that the note was received only as conditional and not as absolute payment. (Story on Notes, §§ 404, 438; *Kephart v. Butcher*, 17 Iowa, 240; *Huse v. McDaniel*, 33 Id., 406; *McLaren v. Hall*, 26 Id., 297.)

DAY, J.—I. The testimony is irreconcilably in conflict. The plaintiff testifies: "R. F. McGrew placed in my possession a note secured by mortgage on a farm that he sold to one Ritter, made by Solomon Ritter to R. F. McGrew or

order, for the sum of $1102 * * * * * ; said note to be my property on the condition that he, McGrew, would redeem that part of the land included in a mortgage given by Ritter to secure the above stated note, said land having been sold for the payment of R. F. McGrew's debts for the purchase of goods, on execution on judgments of Stine, Kramer & Co.; also, a judgment of *Whitman, Carter & Brown v. McGrew.* When these judgments were paid off and satisfied in full by McGrew, I was then to take the note, or the note was then to become my property, and not till then. * * * * * At the time he executed his two notes, together with a mortgage securing the same, in Rice's office, Judge Rice suggested that perhaps the note ought to be assigned without recourse. I said to the judge and McGrew, that it was not to be so assigned as yet, but whenever McGrew redeemed the land and paid off those judgments, he, McGrew, might assign it without recourse, or any other manner that he wished. I told McGrew that all of my notes would be left with my brother Aaron, and when the land was redeemed he could assign it as he pleased. R. F. McGrew assented to this, but I could not give his language now. It was well understood."

The defendant testifies : "There was no condition whatever attached to the transfer of the Ritter note to plaintiff. He took the note at its face and the interest on it up to the 13th of August, 1870, less the credit, as that amount in payment of the land. He took it the same as if I had paid him that amount of money—he took it as an absolute payment. I suppose he has the note yet. I don't know what has been done with the Ritter note; I have not seen it since I traded it to plaintiff. I suppose he has it. I first ascertained that plaintiff claimed that there was a condition attached to the transfer of the Ritter note after the commencement of this suit, in his amended petition. He never made any such claim before the commencement of this suit. The reason I did not give the plaintiff my note for the $1,202.75 at the time I gave the other notes was, that the amount of the Ritter note * * * * was absolute payment of the $1,202.75. I would

not have traded with plaintiff if I could not have put in the Ritter note as part payment on the land, because I had not the money to pay, and would not have bought otherwise. I traded because I could put the Ritter note in at its face and interest as. a payment on the land. The plaintiff said he could use the note in paying his debts to a better advantage than he could the land."

The plaintiff is slightly corroborated by other witnesses. The note is payable to R. F. McGrew or order, and is not assigned. It is very unreasonable to suppose that a man of ordinary business qualifications, as plaintiff is presumed to be, would take in absolute payment of the consideration of the sale of real estate a note secured by mortgage upon land, which, before the execution of the mortgage, had been sold on execution, and which, if not redeemed, would be worthless as a security. The defendant is entirely uncorroborated. We think the evidence preponderates, at least slightly, in favor of plaintiff.

II. Appellant makes the point that the facts stated in plaintiff's first amended petition are inconsistent with his present theory; that he is bound by the allegations 1. PLEADING: admissions: amendment. of this amended petition, and that it is conclusive against his right of recovery. In support of this position the principal reliance is placed upon *Mulligan v. The Ill. Cent. R. R. Co.*, 36 Iowa, 189.

The part of the amended petition referred to by plaintiff is as follows: " Plaintiff avers that the defendant agreed and promised and undertook on his part that, if plaintiff would accept said note as part payment on said land, defendant would redeem the lands, etc.; and plaintiff avers that it was upon these terms that he was induced to take said note from defendant without indorsement or further security." The distinction between this averment and the one referred to in *Mulligan v. Ill. Cent. R. R. Co., supra,* is very apparent. In that case, plaintiff alleged in his original petition that receipts were delivered to him, and he attached copies of them as exhibits to his petition, thus admitting the existence of a distinct item of evidence which became material in the fur-

ther consideration of the case.   It was held that, as a distinct admission of a fact, the petition might be considered against plaintiff, although it had been superseded by an amended petition, unless it appeared that the admission was made improvidently or through mistake.

The averments in the foregoing quotation from the first amended petition, respecting what defendant agreed and promised, are not allegations that distinct items of proof exist, as was the case in *Mulligan v. The Ill. Cent. R. R. Co.*, *supra*, but they are averments of the existence of the ultimate facts to be established by the evidence.

The first amendment contains nothing which can estop the plaintiff from claiming the facts to exist as alleged in the second amendment.

III.   It is urged, however, that the doctrine of vendor's lien does not obtain in this State.   Reference is made to **2. VENDOR'S lien: existence recognized: conveyance.** *Porter v. The City of Dubuque*, 20 Iowa, 440, in which it is said:   "Whether the doctrine shall obtain in this State has nòt been directly determined by an adjudication involving the question of vendor's lien, independent of the express lien resulting from the title bond or otherwise.   *   *   *   *   *   It may, therefore, be regarded as still, to a great extent at least, an open question; and it is one which we are not required to settle in order to determine this case."

In *Pierson v. David*, 1 Iowa, 23, the general application of the doctrine of vendor's lien is recognized in this language: "Under our law, where so much strictness is required with regard to placing on the appropriate records evidences of liens and incumbrances, it would seem that, in the absence of fraud, courts should be careful in the recognition of this lien.   And yet, there is much of good conscience, equity, and natural justice, in providing that the vendor shall not be regarded as having lost all dominion over his property, until he is paid the agreed price.   This lien or trust, though formerly objected to, as being in contravention of the policy of the statute of frauds, and for other reasons, is now firmly established.   Its necessity is, indeed, too apparent—the beneficial consequences

too clear—and its equitable existence too well sustained—to need now either authority or reason to prove its origin or design."

Aside from the intervening rights of purchasers without notice, the execution of a conveyance does not affect the existence of the lien.

It attaches to the estate, as a trust, equally, whether it be actually conveyed, or only be contracted to be conveyed. 1 Story's Equity Jurisprudence, Sec. 1218, and cases cited.

We know of no reason for limiting the lien in this State to cases where a bond for a deed has been executed. As between the vendor and vendee, there is certainly as much equity in allowing the vendor the lien in one case as the other. If the rights of innocent purchasers have attached, of course such purchaser cannot be affected by the lien.

For a case in which a vendor's lien was allowed and enforced in an exchange of lands, for a deficiency in value of the lands taken in exchange, on account of the fraudulent representations of the other party, see *McDale v. Purdy*, 23 Iowa, 277.

But whatever might be the view of the question under the general doctrines of equity, there can be no doubt respecting 3.———: under it under the provisions of our statute. The con-
the statute: 
remedy. tract was made in August, 1870, and the action was commenced in January, 1873. The rights of the parties are to be determined by the provisions of the Revision of 1860.

Sections 3671 and 3672 of the Revision, 2094 and 2095 of the Code of 1851, are as follows: "The vendor of real estate, when part or all the purchase money remains unpaid after the day fixed for payment, whether time is, or is not the essence of the contract, may file his petition asking the court to require the purchaser to perform his contract, or to foreclose and sell his interest in the property. The vendee shall, in such cases, for the purpose of the foreclosure, be treated as a mortgagor of the property purchased, and his rights may be foreclosed in a similar manner "

Although the cases arising under these sections have usu-

ally been those in which a bond for a deed has been executed, or no conveyance has been made, yet they are not limited to such cases, but they apply as well where a deed has been made. In *David v. Pierson, supra,* it is said: "The design of these sections was, as we regard it, to place the vendor and vendee in the same position, so far as related to the remedy, as the mortgagor and mortgagee, in cases of express mortgages."

IV. It is claimed, lastly, that plaintiff has waived his lien. This position, in the view which we take of the evidence, is not tenable. The Ritter note, because of the neglect of the defendant to redeem the land embraced in the mortgage securing it, did not become the property of plaintiff. For the amount of the consideration represented by that note, plaintiff has received nothing. He cannot, therefore, be held to have waived his lien for that amount.

The appellant's abstract covers twenty-eight pages, and fairly and fully presents everything material in the case.

The appellee has printed an abstract of thirty-three pages, repeating much that is contained in appellant's abstract, but

4. PRACTICE in the Supreme Court: abstract: costs.

submitted in the form of question and answer, and containing nothing really necessary to a proper consideration of the case, thus imposing upon us unnecessary labor, and creating needless expense. For this abstract no costs will be allowed.

The judgment of the court below is

AFFIRMED.