AKERS v. LUSE ET AL.

1. **Vendor and Vendee:** VENDOR'S LIEN: WAIVER OF. A vendor who takes in payment for land sold a promissory note with a surety thereby waives his right to a lien, which is not reinstated by the fact that the surety becomes insolvent before the maturity of the note.

*Appeal from Johnson District Court*

WEDNESDAY, JUNE 15.

ACTION to enforce a vendor's lien. The plaintiff sold and conveyed certain real estate to the defendant Marvin R. Luse, and took therefor a promissory note signed by him and one Starkey. Afterwards both Luse and Starkey failed in business and became pecuniarily irresponsible, and the note is unpaid. To the petition setting up the above facts the defendants demurred upon the ground that it appeared that the plaintiff's vendor's lien was waived by taking a note from the purchaser for the purchase money signed by Starkey. The court sustained the demurrer. The plaintiff standing by his petition, judgment was rendered for the defendants. The plaintiff appeals.

*William J. Haddock*, for appellant.

*Jos. A. Edwards* and *W. F. Hurdman*, for appellees.

ADAMS, CH. J. Where a vendor of real estate takes collateral security for the purchase money he thereby waives, presumptively, his vendor's lien. *Kendrick v. Eggleston, ante,* 128. It is denied, however, that the petition shows that the plaintiff took collateral security, because, while it is shown that he took a note signed by Starkey, yet it is averred that Starkey is irresponsible. The plaintiff relies upon *Johnson v. McGrew et al.,* 42 Iowa, 555. But in that case the note alleged to constitute security did not become the plaintiff's property. In

the case at bar the collateral security consists in the name of · Starkey as surety, and no question is raised in regard to liability. The only question raised is in regard to the value of Starkey's name. Now we are not prepared to say that where the vendor of real estate takes as collateral security the note of an insolvent person he does not thereby waive his vendor's lien. But in the case at bar it does not appear that Starkey was insolvent when the plaintiff took the note. Indeed it is shown that he failed about two years afterward. If the plaintiff waived his lien when he took the note, we do not think that it could be deemed to be reinstated by reason of the fact that afterwards Starkey became insolvent. *Kendrick v. Eggleston,* above cited. In our opinion the demurrer was properly sustained.

AFFIRMED.