WEBSTER, ADM'R, v. McCOLLOUGH ET AL.

1. **Vendor's Lien under Revision**: FOLLOWS LAND INTO HANDS OF SUBSEQUENT VENDEE WITH NOTICE. Under sections 3671, 3672 of the Revision of 1860, a vendor of real estate had a lien for the unpaid purchase money upon the property conveyed, and this lien followed the property into the hands of a subsequent grantee who had notice thereof. *Johnson v. McGrew*, 42 Iowa, 555, and *Jordan v. Wimer*, 45 Iowa, 65, followed.

2. ———: WAIVER OF BY RETAINING INTEREST IN LAND. Where a conveyance contained no reservation of any interest in the land, an agreement between the vendor and his daughter, the vendee, that he should reside on the land during his life time, did not amount to a waiver of his vendor's lien.

*Appeal from Lucas Circuit Court.*

THURSDAY, SEPTEMBER 20.

THIS is an action to recover of the defendant, Elizabeth McCollough, the amount of a promissory note, and to establish therefor a vendor's lien upon certain one hundred and twenty acres of land in the petition described. The court rendered judgment in favor of plaintiff for the sum of $1,459.67, and established the vendor's lien as prayed. The defendants appeal. The material facts are stated in the opinion.

*Stuart Bros.* and *Gardner & Alexander*, for appellants.

*Warren S. Dungan*, for appellee.

DAY, CH. J.—I. On the 19th day of June, 1871, the defendant, Elizabeth McCollough, executed to John Webster, her father, her promissory note for $1,147, payable in nine months, with interest from date at ten per cent. The plaintiff alleges that about the date of said note the decedent, John Webster, sold and conveyed to the said Elizabeth McCollough one hundred and twenty acres of land, subject to certain liens

thereon, and that the note was executed as the balance of the purchase money over and above the amount of said lien. The defendant, Elizabeth McCollough, admits that she purchased of her father the lands referred to, and assumed the payment of certain liens thereon, and that she executed her note for $1,147, which was the amount which her father had paid on said land, but she alleges that the entire consideration for the conveyance of said land was the assumption of certain liens thereon, and her agreement to maintain her father and mother as long as they should live, and that the note was executed simply as a security for said agreement. The defendant farther alleges that she has fully performed this agreement by maintaining both her father and mother until the time of their death. We need not determine whether such an agreement as that relied upon by defendant could be shown in order to defeat the note. In our opinion, the evidence does not establish the existence of such contract. If such agreement can be established at all against the note, it must be established by evidence clear and satisfactory. There are many circumstances in the case inconsistent with such contract. The contract between John Webster and the defendant, Elizabeth McCollough, was reduced to writing by the defendant's son, then nineteen years of age, at the dictation of the defendant's father and brother, and was read over to her before she signed it. In this contract she agrees to pay off a mortgage held on said property by John Throckmartain, and to pay to John Webster all money due him on said property. This can refer to nothing else than the $1,147, which, it is conceded, John Webster had paid upon the purchase of said land.

When John Webster died, the defendant gathered up his papers and handed them to the plaintiff before he was appointed administrator, telling him to take care of them, as they would have to be given account of. These papers included the note in question. She did not then make any suggestion that the note was not to be paid. On the 19th of

August, 1879, the defendant made out an account against the estate of John Webster, deceased, in which, among other items, she claimed $850 for maintaining her mother from December 12, 1871, to November 18, 1873, in which she stated the above amounts were to be "credited on my note held by the administrator at the date of payments." This account is inconsistent with the claim that defendant was to keep her parents as part consideration of the land. It is not practicable to review or refer to all the circumstances which have had more or less weight in bringing us to the conclusion we have reached. It is sufficient to say that, upon a separate and independent reading of the evidence in the case, each member of the court has come to the conclusion that the evidence does not sustain the position of the defendant upon this branch of the case.

II. In the contract of purchase, the defendant agreed to pay off a mortgage held on said property by John Throckmartain, and also to pay John Webster all money due him on the property.

When the parties came to the execution of the conveyance, the defendant for the first time discovered that there was a mortgage to Lucas county on said land, executed by one David Mercer. This the defendant was induced to agree to pay, and to accept a conveyance subject to said mortgage. On the 29th day of January, 1871, Elizabeth McCollough paid off this mortgage by giving a new note and mortgage. She claims that her father agreed to reimburse her this amount, and we think the evidence sustains her position. The conveyance, subject to the mortgage discharged John Webster from liability upon his covenants of warranty, but not from his independent agreement to reimburse this sum. In addition to the credits allowed by the court, the defendent is entitled to a farther credit on account of this mortgage, in the sum of $364.

III. It is claimed that the plaintiff is not entitled to a

vendor's lien for the sum found due. The contract of pur-

1. VENDOR'S chase was made and the note was executed on the
lien under
revision: fol- 19th of June, 1871. The rights of the parties
lows land. are governed by the Revision of 1860. That
the vendor of real estate was entitled to a lien for unpaid
purchase money under the provision of the Revision, see
*Johnson v. McGrew*, 42 Iowa, 555; *Jordan v. Wimer*, 45
Iowa, 65. It appears from the evidence, however, that the
defendant, Elizabeth McCollough, was the guardian of the
other defendants, her children, and that in the purchase of
the land she used about $1,300 of their money, and that in
1880 she conveyed the land in question to her children in
settlement for their money which she had used. The defend-
ant insists that the vendor's lien cannot be enforced against
them. The evidence shows, however, we think, that they
had knowledge, when they accepted the conveyance, both of
the existence of the note in question, and that it had not
been paid. Under these circumstances the lien may be
enforced against them. See *Jordan v. Wimer, supra.*

Finally, it is insisted that John Webster waived his ven-
dor's lien by retaining an interest in the land. The contract

2. ——: waiver shows that it was agreed that John Webster
of. should reside on the premises during his life
time, but the conveyance contains no reservation of any
interest in the land. The case does not fall under the princi-
ple of *Fish v. Howland et al.*, 1 Paige's Ch. Rep., 20, cited
and relied upon by the defendant. The decree will be so far
modified as to be reduced to $1,095.67. In all other respects
it will be affirmed. The appellee will pay the costs of the
appeal.

MODIFIED AND AFFIRMED.