ERICKSON v. SMITH *et al.*

**Vendor's Lien:** LOST BY MINGLING WITH OTHER DEBTS. Plaintiff and defendant exchanged lands in such a way that defendant was to pay plaintiff five hundred dollars in thirty days as the difference between the values of the properties, but the agreement included other transactions, to be done in the meantime, involving expenditures of money, all of which, together with the item of five hundred dollars first named, were settled together, and a balance of one thousand dollars was thus found to be due plaintiff from defendant, for which defendant then executed his notes. *Held* that, by allowing the five-hundred-dollar demand to be thus blended with other demands, he waived his right to a vendor's lien therefor.

*Appeal from Cerro Gordo District Court.*—HON. G. W. RUDDICK, Judge.

FILED, FEBRUARY 6, 1890.

THE plaintiff filed his petition, November 10, 1887, asking judgment against the defendant Smith, on two notes falling due, respectively, December 20, 1887, and February 20, 1888, which he alleges were given for the balance of the purchase price of certain lands described, and praying for a vendor's lien thereon; and also alleging "that nothing but time is wanting for both of said notes to become due and payable." No original notice was ever served or issued in the case; but on December 5, 1887, the defendant Smith appeared and filed his answer, admitting the execution of the notes but denying any indebtedness; denying that the notes, or either of them, were given for a part of the purchase money for said land. Further answering, he says that the notes are not due, and that no cause of action had accrued thereon at the time the plaintiff commenced this action. He also sets up certain matters by way of counter-claims, and prays that the plaintiff's bill be dismissed, and he have judgment on his counter-claim. On May 15, 1888, the plaintiff filed an amendment to his petition, alleging that, since the filing of his petition, the defendant Smith had sold and conveyed the land to one W. C. Tyrrell, who purchased the same with notice of the plaintiff's claim, and asking that Tyrrell be made a defendant, and that his rights in the land be decreed junior to the plaintiff's; also, alleging that, since filing the petition, his notes had become due and payable, and are still his property; and asking judgment thereon. On the same day plaintiff replied to defendant Smith's answer, denying each and every allegation thereof. Thereafter, defendant Tyrrell answered, admitting that he had purchased the land, December 10, 1887, and denying each and every other allegation in the plaintiff's petition and amendment; and denying that the plaintiff is entitled to maintain this action, because no cause of action had accrued to him at the time of the commencement thereof, and asking that plaintiff's bill be dismissed. Upon the issues thus joined, the cause was submitted to the court, and decree

entered in favor of the plaintiff against the defendant Smith for $843.78 and costs, and establishing a vendor's lien as prayed, and declaring the same superior and paramount to all rights and interests of the defendants in said land; from which judgment and decree the defendants appeal.

The evidence discloses the following facts with relation to the giving of the notes sued upon : August 22, 1887, plaintiff and defendant Smith agreed upon an exchange of property, whereby the plaintiff was to exchange his farm for the defendant Smith's dwelling house and elevator property, at Meservey, Iowa. The farm was valued at four thousand dollars, and incumbered for fifteen hundred dollars, which incumbrance Smith assumed. The dwelling house and elevator property were valued at two thousand dollars, and incumbered for five hundred dollars, which Smith was to pay off in thirty days, and the difference of five hundred dollars was to be paid by Smith, in cash, within thirty days. It was also agreed that the business should be conducted by Smith, in his name, for a period of three weeks, and the losses and gains borne by C. A. Erickson, provided the sale was not annulled within thirty days. Up to this time, Smith had transacted business with L. B. Clark & Co., bankers, and with Rosenbaum Bros., to whom shipments were made, and with each of whom he had an open account. He was indebted to Clark & Co. seven hundred dollars, and to Rosenbaum Bros. six hundred and thirty dollars, on these accounts. The incumbrance of five hundred dollars on Smith's property, which he was to remove, was a mortgage to Rosenbaum Bros. as a continuing security for overdrafts, and secured five hundred dollars of this six hundred and thirty dollars' indebtedness. The business was conducted in the name of Smith to September 20, 1887, when the parties had a settlement covering numerous items. Smith did not pay the five hundred dollars in cash as a separate transaction, nor did he remove the five-hundred-dollar incumbrance to

Rosenbaum Bros. That incumbrance was satisfied by Erickson's executing his note and mortgage on the same property in satisfaction thereof. Erickson also assumed the indebtedness of Smith to Clark & Co. All of these items were included in the settlement; the results of which showed an indebtedness of $999.53 from Smith to Erickson, and, upon the completion of this settlement, the notes in suit were given. Appellants' contention is that the notes in suit were not given for the purchase price of the land, and, therefore, plaintiff is not entitled to a vendor's lien; that the plaintiff's action was brought before the maturity of the notes, and cannot be maintained; and that the judgment is for too large an amount.

*Nagle & Birdsall*, for appellants.

*A. R. Ladd* and *John Jamison*, for appellee.

GIVEN, J.—I. The right of vendors of real estate to a lien thereon for unpaid purchase money, though questioned by high authority, and rejected by many of the states, has been recognized in this state since *Pierson v. David*, 1 Iowa, 23. "It is a simple equity, raised and administered by courts of chancery. It is not measured by any fixed rules, nor does it depend upon any particular fact or facts. Each case rests upon its own peculiar circumstances, and the vendor's lien is given or denied according to its rightfulness and equity, in the judgment of the court, upon the facts developed in the particular case." *Porter v. City of Dubuque*, 20 Iowa, 440.

The right to this lien being limited to unpaid purchase money, it will not be sustained when the purchase price has been so blended with other considerations, by the contract or otherwise, that its precise amount cannot be ascertained. "If land and personal property be sold together, under an entire contract, for a gross price, and in the sale there is no agreement of the parties determining what part of the price is for the land

and what part for the personal property, the presumption is that the vendor did not look to the land for payment, but relied exclusively on the personal responsibility of the vendee." 2 Jones, Liens, sec. 1072, and cases cited. Under the agreement Erickson sold nothing but real estate to Smith, and that for a definite and fixed price. At the time of the settlement, when the notes in suit were given, taking the whole transaction between the parties into account, except a few items that were omitted from the settlement, Smith owed Erickson $999.53, which Smith says they agreed to call one thousand dollars. The statement of that settlement, produced by Erickson, shows that it included the five hundred dollars to be paid in cash in thirty days, and the five hundred dollars which he had assumed to Rosenbaum Bros., the one hundred and thirty-one dollars' balance due Rosenbaum Bros., and the bank account to Clark of seven hundred dollars.

While it is true that the transactions, other than that relating to the real estate included in that settlement, substantially balanced the account between them, leaving the one-thousand-dollar indebtedness as purchase price of the real estate, it is equally true that in making that settlement the parties did not so treat the items, but embraced all of them in the settlement by which the balance due Erickson was reached, and in consideration of which balance the notes in suit were given. Under these circumstances, it is not possible to separate the purchase price of the land remaining unpaid from the other items that enter into the settlement, and say that the notes were given solely in consideration of the balance due on the land. By allowing the items to be thus blended, the plaintiff Erickson is presumed to have waived his right to a lien, and to rely exclusively on the personal responsibility of the vendee.

II. Appellee rests his right to bring this action before the maturity of the notes upon his claim for a vendor's lien, and contends that, being entitled to a vendor's lien, he could thus bring the action so as to

charge third persons with notice of his claim, as pro-
vided in section 2628, Code.   Appellee not being
entitled to a vendor's lien, it follows that the action was
prematurely brought.   We do not now decide whether
a vendor, entitled to a lien, might bring his action,
before maturity of the debt, to charge third persons
with notice of his lien, or not.   These views render it
unnecessary that we consider the question made as to
the amount of the judgment.   The judgment of the dis-
trict court is reversed, and the case will be dismissed,
without prejudice to the claim of either party, and at
the costs of the appellee.            REVERSED.