FRED E. HODGSON v. SMITH BROS, AND GEORGE H. RINK,
· Appellants.

**Vendor's lien.**   A vendor of real estate may enforce a lien for the
unpaid purchase money upon the property conveyed, and this
lien follows the property into the hands of an assignee or trus-
tee of creditors of the vendee.

*Appeal    from    Shelby    District    Court.*— HON.   O.   D.
WHEELER, Judge.

THURSDAY, DECEMBER 12, 1907.

PLAINTIFF exchanged 160 acres of land in Kossuth
county, valued at $8,800, to Smith Bros. for a stock of
hardware and implements at Shelby, Iowa, to be invoiced at
market value, with 5 per cent. added for freight.   The
fixtures and tools were to be discounted 25 per cent., and
the prices of the cash register and safe were agreed upon.
The invoice amounted to about $2,100 in excess of the sum

to be paid for the land, and, in pursuance of the contract, Smith Bros. withdrew items invoiced at this value, and the deal was closed by plaintiff receiving the remaining stock, fixtures, etc., and conveying the land to J. Francis Smith, a member of the firm. Subsequently plaintiff exchanged certain land in Minnesota subject to mortgage for the excess of stock, and thereafter, August 8th, Smith Bros. deeded the land in Kossuth county to G. H. Rink, in trust for the benefit of the firm creditors, and on August 24th the firm executed to him a general assignment for the benefit of creditors. Two days later all the creditors, save those with whom settlement was subsequently effected, agreed that Rink might dispose of the property according to his best judgment, and distribute the proceeds *pro rata* to the creditors, their claims being first established to his satisfaction, and they waived filing of deed of assignment and all court proceedings thereon. Thereupon another conveyance to Rink in trust for the benefit of creditors in accordance with the above stipulation was executed by Smith Bros. In October of the same year plaintiff, upon exchanging the stock to one Jones, discovered that a mistake of $1,000 had been made in adding the items of value in the invoice; the amount being that sum more than it should have been. The relief sought was judgment for this amount, with interest, and the establishment of a vendor's lien. The cause was transferred from the district court of Kossuth to that of Shelby county by stipulation, and the trustee permitted to sell the land, $1,200 of the proceeds to be retained in lieu thereof to bide the result of this suit. Decree was entered as prayed. The defendants appeal.— *Affirmed.*

*Flickinger Bros.,* for appellants.

*Byers, Lockwood & Byers,* for appellee.

LADD, J.— That a mistake of $1,000 in defendants' favor was made in adding the items in the invoice is con-

clusively established by the evidence, and the court rightly held there was no waiver. The deal was closed with the understanding that the computations were correct. It may be that plaintiff accepted the abstract of title to the land and Smith Bros. the invoice as it was, but this was with respect to objections then urged; i. e., certain defects in the abstract and insistency by plaintiff's agent that portions of the invoice were too high and that goods not in stock were included. There is no suggestion in the record that either party had in mind anything else or intended that the waiver involved therein should have a wider scope. Equally without merit is the charge of fraud set up in the counterclaim. It will serve no useful purpose to discuss the evidence. It is enough to say that there was no error in entering judgment against Smith Bros. for the amount demanded.

The court also established a vendor's lien against the land or the proceeds thereof. It will be noted that prior to the beginning of this action the vendee had conveyed the land to Rink as trustee for the creditors of Smith Bros., and later in a deed of general assignment. Under the statute as it formerly stood these conveyances defeated any right the vendor may have had to a lien. Section 1940, Code 1873; *Prouty v. Clark,* 75 Iowa, 55; *Chrisman v. Hay* (C. C.), 43 Fed. 552. See *Cutler v. Ammon,* 65 Iowa, 283. But appellee contends that this result is obviated by the addition of the words " or lien " to the former statute in the enactment of section 2924 of the Code, and that the vendor may now enforce a lien for the unpaid purchase money against a purchaser of the vendee with notice. The statute now reads: " No vendor's lien for unpaid purchase money shall be enforced in any court of this state after a conveyance by the vendee, unless such lien is reserved by conveyance, mortgage or other instruments duly acknowledged and recorded, or unless such conveyance by the vendee is made after suit by the vendor, his executors or assigns, to enforce such lien. Nothing herein shall be construed to deprive a vendor of any

remedy now existing against a conveyance procured through the fraud or collusion of the vendee therein or of persons purchasing of such vendee with notice of such fraud or lien." It will be observed that the exceptions contained in the last clause, when fairly construed, are of conveyances (1) procured through fraud or collusion of the vendee; and (2) conveyances of persons purchasing of the vendee with notice of such fraud or of the lien. The effect of the amendment is to establish the rule in vogue independent of statute that the vendor's lien may be enforced against purchasers of the vendee with notice that the purchase money has not been paid. *Graves v. Coutant,* 31 N. J. Eq. 763; *Pell v. McElroy,* 36 Cal. 268; *Watson v. Wells,* 5 Conn. 468; *Woodall v. Kelly,* 85 Ala. 368 (5 South. 164, 7 Am. St. Rep. 57); *Amory v. Reilly,* 9 Ind. 490; 29 Am. & Eng. Ency. of Law (2d Ed.) 754. See *Pierson v. David,* 1 Iowa, 23. Such was the law under the Revision of 1860. *Johnson v. McGrew,* 42 Iowa, 555; *Webster v. McCullough,* 61 Iowa, 496.

Counsel argue, however, that because of its nature there can be no lien prior at least to an attempt to enforce it. Technically this is true. The right is not a lien in the strict sense of that word though spoken of as such. The right thereto is based on the equitable principle that a vendee ought not in good conscience to retain the land purchased, and not pay therefor in full. It is not an interest in the land reserved by the vendor, but is somewhat of the similitude of an equitable mortgage, a security implied for the portion of the purchase price unpaid and otherwise unsecured by " benignity of the law for those who have been too confiding." Until the right is judicially established and fastened on the land, there is no specific lien, only the capacity or condition essential to its requirement. *Porter v. Brooks,* 35 Cal. 199; *Berger v. Berger,* 104 Wis. 282 (80 N. W. 585, 76 Am. St. Rep. 877); *Jones v. Rush,* 156 Mo. 364 (57 S. W. 118). And yet it is apparent from

the reading of the statute that this right to have a lien established is referred to as the vendor's lien, and that the words are employed, not in a technical sense, but according to common usage in our language. We are of the opinion that Rink as the assignee or trustee of Smith Bros. was charged with the knowledge his grantors had, and that the court did not err in establishing the vendor's lien. Appellant suggests that, if there is anything due plaintiff, it is personal property, but this is not so. The deal was closed. The values of this stock and of the land were agreed upon, and through mistake the defendants paid $1,000 in value more than was promised. See *Fagan v. Hook,* 134 Iowa, 381. The consideration was for real estate only, and the authorities holding that, where land and personalty are sold together, a lien cannot be enforced, are not in point. See *Erickson v. Smith,* 79 Iowa, 374. There is no uncertainty concerning the amount of the unpaid price, and no reason for not establishing and enforcing a vendor's lien as the district court decreed.— *Affirmed.*