GORDON-VAN TINE COMPANY, Appellant, v. SYLVESTER A. SERGEANT et al., Appellees.

IDEAL HEATING AND CONSTRUCTION COMPANY, Plaintiff, v. S. A. SERGEANT et al., Defendants.

No. 41557.

OCTOBER 25, 1932.

Carroll Bros., by Freeland Browne, for appellant.

John C. Higgins, for appellee.

KINDIG, J.—As said in the preliminary statement, two cases are here involved. The Ideal Heating and Construction Company, a cor-

poration, brought an action in the district court against S. A. Sergeant, a defendant-appellee, Gordon-Van Tine Company, a corporation, the appellant, and Harry Rathjen, a defendant. That controversy was decided in favor of S. A. Sergeant, the appellee, and no appeal was perfected by either the appellant, Gordon-Van Tine Company, or the defendant Harry Rathjen. So far as that controversy is concerned, then, no issue is here involved.

Another action, however, was commenced in the district court of Scott County by Gordon-Van Tine Company, the appellant, against the appellee Sylvester A. Sergeant and the defendant Harry Rathjen. In that case, the appellant asked judgment against the defendant Harry Rathjen in the sum of $3,750 for material furnished to construct a building on a lot in Davenport owned by the appellee Sylvester A. Sergeant. Not only did the appellant in this case ask for the judgment against Rathjen, but likewise it sought to establish a mechanics' lien to secure the judgment upon the lot owned by the appellee. Delivery of the material aforesaid was made by the appellant to the defendant Rathjen, for the purpose of constructing the building on appellee's lot, between the 20th day of April and July 12, 1930. Payment for the material was duly made by the appellee to his contractor, the defendant Harry Rathjen.

Rathjen at the time was buying a great deal of material from the appellant company for the purpose of constructing many houses for various owners in the city of Davenport. Because Rathjen, the contractor, had satisfactorily paid all previous obligations to the appellant company during many years of business transactions between them, credit on an open account was extended the former by the latter. Apparently Rathjen owed the appellant company many old accounts and when money was paid by the contractor, the old, rather than the new, accounts were credited therewith. It seems that the appellee received no credit on the books of the appellant company for any of the moneys paid to the contractor Rathjen, as before explained.

The appellee, generally speaking, pleaded two defenses:

First, that at least $1,000 of the moneys paid by him to the contractor were in turn delivered by the contractor to the appellant company. Hence, this sum, the appellee alleges, should be credited to him regardless of any agreements in relation thereto between the contractor and the appellant company; and

Second, that in all events it is contended by the appellee that

the right to a mechanic's lien was waived by the appellant because it extended credit solely and entirely to the contractor Rathjen, and thereby the appellant company waived, rather than relied on, the lien.

On the hearing in the district court, judgment was entered in appellant's favor against the defendant Rathjen. Rathjen does not appeal. While judgment was thus entered, in appellant's favor, against Rathjen, no lien was established against appellee's property. That issue was decided by the district court in appellee's favor. Therefore, the appellant company appeals. After the notice of appeal was duly served on the parties concerned, the appellant filed an abstract of record in this court. Whereupon, the appellee filed an amendment to the abstract. No argument, however, has been filed by the appellant, but, after he failed to argue within the time required, the appellee in due time filed a brief and argument. Under the circumstances, the appellant not having filed an argument, it is presumed that he has abandoned the appeal. This question, involving the theory of abandonment, previously has been determined by Aetna State Bank v. Fremmer, 213 Iowa 339; Raynor v. Raynor, 77 Iowa 282; Devore v. Adams, 68 Iowa 385.

Our thought here will be amplified by a quotation from the Aetna State Bank case (213 Iowa 339), supra. There it is said:

"The appellant has presented an abstract of record but no argument. The plaintiff has filed amendment to abstract and argument. Though this cause was tried by equitable proceedings, and though the appellant might have had the cause triable here anew, he might also have appealed for the correction of errors. Jordan v. Wimer, 45 Iowa 65; Hutchinson v. Wells, 67 Iowa 430. The decree appealed from is presumed to be correct. It is not for the court to assume the functions of counsel and search the record for errors. By failing to file brief and argument, the appellant is presumed to have abandoned his appeal."

Wherefore the judgment and decree of the district court is affirmed.—Affirmed.

STEVENS, C. J., and EVANS, FAVILLE, ALBERT, and BLISS, JJ., concur.